324 So.2d 715 (1976)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
The NEW FLORIDIAN HOTEL, INC., a Florida Corporation, d/b/a Biscaya Hotel, et al., Appellees.
No. 75-515.
District Court of Appeal of Florida, Third District.
January 13, 1976.
*716 Joseph A. Wanick, City Atty., Lee H. Schillinger and Andrew H. Moriber, Asst. City Attys., for appellant.
Harvey Richman, Miami Beach, for appellees.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
NATHAN, Judge.
This is an appeal by the City of Miami Beach, defendant in the trial court, from a final judgment in a declaratory judgment action by The New Floridian Hotel, Inc., d/b/a Biscaya Hotel, A. Lionel Bosem, d/b/a President Madison Hotel and A. Lionel Bosem d/b/a Coronet Hotel, plaintiffs, finding that the plaintiffs' establishments are boarding houses and not hotels within the purview of the City of Miami Beach Occupational License Chapter of the City Code, and requiring the defendant to license the plaintiffs' establishments as boarding houses, and from a cost judgment entered against the defendant.
The plaintiffs filed a complaint seeking a declaratory judgment in order to determine whether the three establishments, Biscaya Hotel, President Madison Hotel and Coronet Hotel, are hotels or boarding houses for the purpose of payment of city occupational license fees. The plaintiffs claim to operate boarding houses since their guests, mainly elderly persons, lease the accommodations for long-term stays, rather than transient visits, and since many of the customary hotel services are not provided. The complaint asks the court to determine, inter alia, "... that the plaintiff is not in breach of any municipal ordinance... ." The City of Miami Beach filed an answer denying the material allegations of the plaintiffs' complaint, contending that the plaintiff's establishments are hotels and must be licensed as such.
At trial, the plaintiffs introduced into evidence copies of Chapter 17 and Chapter 20 of the Code of the City of Miami Beach. Chapter 17 defines and regulates boarding houses, hotels and rooming houses. Chapter 20 provides regulations which apply to the fee schedule for occupational licenses. Section 20-15 of Chapter 20 provides that, "No license shall be issued except in conformity with the zoning ordinance." During the presentation of the defendant's case, the city attorney sought to admit into evidence, a City of Miami Beach zoning ordinance which places a unit density maximum on boarding houses and provides for the areas in which they may be located. Counsel for the plaintiffs objected to the admission of or any reference to, the zoning ordinance as being a complete surprise and not material to the pleadings. The objection was sustained and the City was not permitted to raise the zoning issue in defense of the action.
Following the trial, the court entered a final judgment in which it determined that although the plaintiffs used the word "hotel" *717 in their advertising, the evidence rebutted the presumption that the three establishments are hotels, and proved that they are boarding houses. The court ordered that they be so classified and directed the City of Miami Beach to issue boarding house licenses to them. The judgment prohibited the plaintiffs from further use of the word "hotel" in the names or on the stationery or brochures or in any other manner. A cost judgment was also entered against the defendant. This appeal ensued.
The City of Miami Beach contends that the trial court erred in refusing to permit introduction of the zoning ordinance relating to boarding houses. We agree. Based not only on the plaintiffs' prayer for a declaration that they are "not in breach of any municipal ordinance," but also on the plaintiffs' reliance on and admission into evidence of Chapter 20 of the City Code which provides that licenses must be issued in conformity with the zoning ordinance, we find that it was incumbent on the plaintiffs to prove that they were entitled to operate a boarding house within the applicable zoning classifications for each of the establishments involved. In an action for a declaratory decree, the plaintiff has the burden of establishing the existence of a present, actual controversy, as well as proving the material allegations of the complaint. Groover v. Adiv Holding Company, Fla.App. 1967, 202 So.2d 103, 104. The owner of land is chargeable with knowledge of general laws prescribing the manner in which it may be enjoyed or the title thereto affected. Allstate Mortgage Corporation of Florida v. City of Miami Beach, Fla.App. 1975, 308 So.2d 629, 632. Since the plaintiffs' own exhibits incorporated by reference the provisions of the ordinance, they had the burden of proving they were not in violation of it. Evidence which assists in making known the truth upon the issue in question should be admitted as evidence. Prior v. Oglesby, 1905, 50 Fla. 248, 39 So. 593.
Therefore, it was error to refuse to admit the zoning ordinance. The final judgment and the cost judgment are reversed, and the cause is remanded to the trial court for a new trial.
Reversed and remanded.