Jason LUBY et al., Appellants,

v.

The CITY OF CORPUS CHRISTI, Texas, et al., Appellees.

No. 1094.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Jack E. Hunter, William D. Bonilla, Bonilla, Read, Nutto & Bonilla, Inc., Harry Hoag, Corpus Christi, for appellant.

James F. McKibben, Jr., Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a declaratory judgment. It concerns the construction of the body of laws which govern the functions and duties of the officials and officers of the City of Corpus Christi, Texas. Jason Luby, Mayor of the City, and William D. Bonilla brought this suit against the City, the members of the City Council, the City Manager, and Raul Garcia. Trial was to the court without a jury. The trial court's judgment declared that: 1) the City Council had the authority to appoint Raul Garcia to the Civil Service Board and Civil Service Commission 2) the Chief Executive of the City is the City Manager and not the Mayor; 3) the Firemen's and Policemen's Civil Service Commission of the City does not have the power to punish for contempt and its orders must be enforced in a court at law; and 4) Civil Service Board and Firemen's and Policemen's Civil Service Commission are one and the same and the City Manager has the power to appoint members of both bodies subject to the confirmation and approval of the City Council. The appellants are Luby and Bonilla. At the request of the appellants trial court filed findings of fact and conclusions of law.

The appellants have assigned four points of error. In point three the appellants attack the court's declaration that the Firemen's and Policemen's Civil Service Commission does not have the power to punish for contempt and its orders must be enforced in a court of law. We find, however, that the facts which constitute this issue are not appropriate for a declaratory judgment. William D. Bonilla served as Chairman of the Firemen's and Policemen's Civil Service Commission and in that capacity he sought to conduct an investigation of an alleged incident of police misconduct. Bonilla issued subpoenas to the City Manager and the Chief of Police to require the production of documents in their possession. The documents were not produced in the time required and an order of contempt was issued. Suit was brought to prevent execution of the contempt order. The documents, however, were subsequently produced and the litigation was terminated by nonsuit. At the trial the plaintiff Bonilla testified that the issue of contempt was moot.

A declaratory judgment is not available in the absence of a justiciable controversy. *Fort Worth Lloyds v. Garza,* 527 S.W.2d 195 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Slinker v. Superior Insurance Company,* 440 S.W.2d 730 (Tex.Civ.App.—Dallas 1969, writ dism'd). It is the plaintiff's burden in a declaratory judgment action to establish by competent evidence that there are contested issues which conclusively affect adversary parties in interest. *Hodges v. Brazos County Water Control and Improvement District # 1, Big Creek, Brazos County,* 449 S.W.2d 861 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.). Because it does not appear that there is a real or actual controversy about the Commission's power to punish for contempt, that portion of the judgment which purports to declare the rights of the parties upon this issue is vacated. See *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.Sup.1968).

The justiciable controversy presented by the present case concerns the question of who shall hold the contested position as a member of the Firemen's and Policemen's Civil Service Commission and Civil Service Board. It is the appellants' position that William D. Bonilla has not been replaced as a member of the Commission or Board; that only the Mayor may, with the approval of the City Council, appoint members of these government bodies; and that the appointment of Raul Garcia was not accomplished according to law and is thus void.

It is not disputed that the City of Corpus Christi, Texas is a Home Rule city which

has adopted the Council-Manager form of city government. Nor is it disputed that after the proper party (the Mayor or City Manager) has made an appointment, the appointment is not valid until it is approved by the City Council. There was introduced into evidence the minutes of the meeting of the City Council on August 4, 1975 and September 3, 1975. The minutes of August 4, 1975 contain this entry:

"*CIVIL SERVICE BOARD:*

Motion by DeAses, seconded by Gill and passed, Mayor Luby abstaining, that Raul Garcia be appointed to replace William Bonilla on the Civil Service Board."

The minutes of September 3, 1975 reflect that the City Manager addressed the City Council as follows:

"Relative to the appointment to the Civil Service Board and Commission, City Manager Townsend stated: (1) 'It has been alleged in the lawsuit now underway that the appointment of Mr. Raul Garcia to the Civil Service Board and Commission on August 4, 1975, did not fully comply with the applicable sections of Article 1269m; that since the intention of the City Council to confirm the appointment of Mr. Raul Garcia to the Civil Service Board and Commission was clearly evident, the Council might wish to reconsider the actions previously taken so that the Council's action will be clearly and properly recorded; (1) Statements in the news media since the lifting of the restraining order on Tuesday, September 2, indicate that the ex-chairman, Mr. William Bonilla, contends that he is still chairman of the Commission and thus, for the orderly carrying out of the responsibilities of the Commission, generally and specifically, at their regular meeting on Friday, September 5, this question should be resolved; (3) As I stated on August 4, 1975, at the City Council workshop, I was then placing before you for confirmation that person who received the approval of four members of the City Council; (4) I

therefore resubmit for your confirmation and reconfirmation the appointment of Mr. Raul Garcia to the Civil Service Commission.'

Motion by De Ases, seconded by Lozano and passed, with Gill abstaining, that the appointment of Mr. Raul Garcia to the Civil Service Commission and Board, be confirmed and reconfirmed."

There was also received into evidence the following document:

"CITY OF CORPUS CHRISTI
CERTIFICATE OF APPOINTMENT
This Certifies That
RAUL GARCIA

Has been Officially Appointed
MEMBER OF
CIVIL SERVICE BOARD

By action of the City Council
this 4th day of August, 1975

/s/ Jason Luby
Mayor

Attest:
(SEAL)     /s/ Bill G. Read
City Secretary     "

After reviewing the evidence and record of this case and considering in particular the evidence set out above, we hold that the trial court correctly found that Raul Garcia was duly appointed as a member of the Civil Service Commission at the meeting of the City Council on August 4, 1975, and that the appointment was reconfirmed by the City Council in the meeting of September 3, 1975. The trial court could conclude from the evidence that both the Mayor and the City Manager submitted the name of Raul Garcia for appointment.

Because both the Mayor and the City Manager have participated in the appointment, an answer to the question of which party is to make the appointment under the provisions of the City Charter becomes unnecessary to a decision in this case.[1] Although the City Charter provides

---

1. The City Charter provides in Art. III, § 1, that: "The council shall appoint a city manager who shall be the chief administrative and exec-

utive officer of the city." It is further provided in the Rules and Regulations of the Civil Service Commission for Firemen and Policemen,

in unambiguous language that the City Manager is the Chief Executive Officer of the City, this issue is also not ripe for a declaratory judgment.[2] To render a declaratory judgment upon these issues would constitute nothing more than an advisory opinion which is beyond the scope and purpose of a declaratory judgment. *Firemen's Insurance Company of Newark, New Jersey v. Burch,* supra.

That portion of the trial court's judgment which declares that the City Council of the City of Corpus Christi did have the authority to appoint Raul Garcia to the Civil Service Board and Civil Service Commission is affirmed. The remaining portion of the judgment is vacated.

Affirmed in part and vacated in part.

City of Corpus Christi, Texas, Art. I, § 3, that: "There is hereby established in the City of Corpus Christi, Texas, a Firemen's and Policemen's Civil Service Commission, . . . to be selected as follows: Member of the Commission shall be appointed by the Chief Executive of the City and such appointment shall be confirmed by the City Council before any such appointment shall be effective." The City

Charter also provides in Art. VI, § 1, that: "There is hereby established a civil service board . . . The Mayor, with the advice and consent of a majority of the commissioners, shall appoint the members of such board."

2. City Charter of Corpus Christi, Texas Art. III, § 1.