673 So.2d 86 (1996)
CITY OF OCALA, Appellant/Cross-Appellee,
v.
RED OAK FARM, INC., et al., Appellees/Cross-Appellants.
No. 94-1668.
District Court of Appeal of Florida, Fifth District.
April 12, 1996.
Rehearing Denied May 10, 1996.
Ann Melinda Craggs and William H. Phelan, Jr., of Bond, Arnett & Phelan, P.A., Ocala, for Appellant/Cross-Appellee.
Michael G. Takac, Gerard S. Krehl and John W. Scruggs, Jr., of Forman, Krehl & Albright, Ocala, for Appellees/Cross-Appellants Gold Land Corporation, Harold B. Spinks and Patricia Spinks, Daytonapa Corporation, and Catherine Lee.
No Appearance for Appellee, Red Oak Farm, Inc.
GRIFFIN, Judge.
The City of Ocala ["City"] appeals final judgments in eminent domain awarding damages to several landowners [collectively "Red Oak"] with respect to four parcels of land over which the City took a perpetual easement for placement of a 230,000 volt electric transmission facility. The 50-foot wide easement was adjacent to a pre-existing 100-foot wide Florida Power Corporation ["FPC"] easement over the same parcels. The FPC easement was for a transmission facility which could be increased to a 500,000 volt facility. The City contends that the lower court made two erroneous evidentiary rulings which entitle it to a new trial. We agree as to one and reverse.
It was error for the lower court to refuse to admit the City's proffered evidence of FPC's recorded easements on the property adjacent to the property on which the City of Ocala was condemning a power easement. FPC power easements played a central role in the trial of this case. The experts for the City, as well as the experts for the landowners, principally relied on FPC's power easement history in valuing the City's easements and in evaluating the extent to which the City's easements would burden the remaining land. At issue in the case, both on the question of the valuation of the easement and the question of severance damages was the question whether the landowner would be *87 allowed any use of the property over which the easement ran and whether there was severance damage to the affected parcels that resulted from the City easement and not from the previously existing FPC easement. The City's easement burdening the landowners' property was placed in evidence but the jury never was allowed to see the easements held by FPC. The City should have been allowed to put in evidence the public records that reflected the rights of FPC in respect to the affected parcels. See City of Miami Beach v. New Floridian Hotel, Inc., 324 So.2d 715 (Fla. 3d DCA 1976).
The landowners' position, as reflected in their experts' testimony, was that the City's easement had to be viewed as being more burdensome than an FPC easement because FPC had in place a formal, written policy and permitting procedure pursuant to which landowners could receive permission to make certain uses of the property. The landowners' experts took the position that the City's easement had to be valued as though it was more burdensome because the City had no written procedure. Indeed, this was apparently the first 230 KV line easement that the City had acquired across private property. The landowners expended a good deal of effort eliciting testimony concerning the broad reach of the language of the City's easement and the fact that the City could enforce the easement's restrictive terms, notwithstanding the City's practice of permitting uses on easements that were not strictly within the terms of the easement.
The City's position was that its easement was no more restrictive or burdensome than FPC's easement since FPC's easement rights were basically the same as the City's. Even though the City had no written policy comparable to that of FPC, it offered evidence that it had a long-standing unwritten policy and track record of allowing a variety of uses comparable to those permitted by FPC. The City's expert based his opinions on the liberality of the City's unwritten policy whereas the landowners based their analysis on the lack of a written policy. Based on our reading of this transcript, it appears that it was this latter fact that caused the trial court to be convinced by appellee's counsel that FPC's powerline easements were irrelevant. Although the lower court did an excellent job of ruling on the virtually endless number of other objections, the trial court got this one wrong. In light of all the testimony and cross-examination of the City's expert, it was certainly relevant to the jury's consideration that FPC's adjacent power easements were, by their terms, similar to those of the City. Indeed, the relevancy of this evidence is implicitly confirmed by the ferocity and tirelessness by which landowners' counsel labored to keep these easement documents out of evidence.
Nor can we agree that the broad discretion afforded the trial court, in excluding evidence whose probative value is outweighed by its prejudicial effect, offers an alternative basis for affirmance. The confusing and misleading inference that arose out of the fact that the jury was never informed of the parallels between the FPC and the City easements was the suggestion that FPC was obliged to permit the landowners virtually any non-obstructive use of the land burdened by FPC's easement whereas the City had taken a virtually unrestricted right to exclude any use of the easement burdened by the property. Given what this jury endured throughout the entire trial and the verdict it rendered, it is possible to guess but impossible to say that this error was harmless.[1]
REVERSED and REMANDED.
PETERSON, C.J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I respectfully dissent. I would rely upon the superior vantage point of the trial court and find there was no error for several reasons.
First, there is no doubt that the issue of the City's policy concerning use of the easement compared to FPC's policy was hotly debated. There is also no doubt the trial court allowed Red Oak's expert to testify as to FPC's written policy and to read a portion of it to the jury. After objection from the *88 City, the trial court offered the City an opportunity to introduce FPC's written policy into evidence. The City declined; probably to preserve for appeal its objection that the expert should not testify from the policy without it being disclosed as an exhibit to be introduced at trial. Regardless of the reason, the jury was aware of FPC's written policy and the City's procedures and unwritten policy concerning easements within power transmission facilities.
Regarding the easement documents, I do not think the jury was confused or misled because they were not introduced. It would have been more confusing or misleading to allow the City to argue that its unwritten policy concerning a landowners' use of an easement in the vicinity of a 69kV transmission facility would be the same for an easement in the vicinity of a 230kV transmission facility. There was no evidence it would be. The City agrees that the only purpose for introducing the FPC easement documents was to have the jury compare the language of the two easements, and to demonstrate that there was no material difference in the description of the City's easement and FPC's easement. The City wanted the jury to see the language of both easements and compare them.
The trial court determined that it was not necessary to place the written FPC easement documents before the jury because they were not relevant. The trial court noted that none of the appraisers testified that they had used the provisions of FPC's easement in assessing the severance damages and concluded that the documents were irrelevant to the question of the damages caused by the City's easement. The court further found that the documents would be more confusing and prejudicial than helpful. The jury had seen the parcels, with the City's proposed transmission facility marked and staked out, and it had seen the physical contours of the easement and FPC's transmission facility. The jury had also seen exhibits with the City's and FPC's transmission facility diagramed. Thus, the legal description in the documents would not assist the jury. More importantly, the easement documents showed the amount FPC paid for the easements in 1959 after a jury verdict. The trial court was concerned that the jury would be confused if the amount paid in 1959 was placed before it in a 1994 condemnation case. The determination of relevancy is within the discretion of the trial court. Sims v. Brown, 574 So.2d 131, 133 (Fla.1991). Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn the decision absent a clear abuse of discretion. Id. at 133. In the instant case, I would find that the court did not abuse its discretion by not allowing the easement documents into evidence.
Finally, this court writes that "the relevancy of this evidence is implicitly confirmed by the ferocity and tirelessness by which landowners' counsel labored to keep these easement documents out of evidence." A better indicator of how irrelevant the easements documents were is the verdict returned by the jury. The landowners' expert presented a best case and worse case scenario concerning severance damages and full compensation. The jury returned a verdict less than the worse case scenario. It therefore appears the jury was aware of the FPC easement restrictions and took them into consideration before returning the verdict. A trial court's decision admitting or excluding evidence is subject to review by the abuse of discretion standard. Forester v. Norman Roger Jewell & Brooks Int'l, Inc., 610 So.2d 1369 (Fla. 1st DCA 1992). I would recognize the superior vantage point of the trial court and would apply the reasonableness test: if reasonable people could differ as to the trial court's actions then it cannot be said that the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). I would hold that the trial court got this one right and affirm.
NOTES
[1] Because of our disposition on the first issue, we need not address the second issue.