TRUDY ZIMMERMAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF HAL ZIMMERMAN, APPELLANT, V. DOUGLAS COUNTY HOSPITAL ET AL., APPELLEES.

563 N.W.2d 349

Filed May 30, 1997.   No. S-95-1086.

James E. Schaefer, of Gallup & Schaefer, for appellant.

James S. Jansen, Douglas County Attorney, and Christine A. Lustgarten for appellees.

Don Stenberg, Attorney General, and John R. Thompson for amicus curiae State of Nebraska.

Richard L. Boucher, of Boucher Law Firm, for amicus curiae Nebraska Association of County Officials.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

Trudy Zimmerman, personal representative of the estate of Hal Zimmerman, brought a wrongful death action against the Douglas County Hospital, the Douglas County Board of Mental Health, and Douglas County pursuant to the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1991 & Cum. Supp. 1994). Defendants Douglas County and Douglas County Hospital filed an answer and remain as parties in the underlying lawsuit. However, the district court sustained the Douglas County Board of Mental Health's demurrer and dismissed the cause of action as to the board on the ground that the board is a state entity and that, therefore, Zimmerman was required to comply with the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1994). Zimmerman timely appealed. Because we determine that the board is a state agency as defined in § 81-8,210, we affirm the judgment of the district court.

## FACTUAL BACKGROUND

Trudy Zimmerman, appellant, is the widow and personal representative of the estate of Hal Zimmerman. Zimmerman filed a wrongful death action against the Douglas County Hospital, the Douglas County Board of Mental Health, and Douglas County pursuant to the Political Subdivisions Tort Claims Act.

The petition alleged that on January 24, 1994, the Douglas County Board of Mental Health found by clear and convincing evidence that Hal Zimmerman was a mentally ill and dangerous person, ordered outpatient treatment at the Douglas County Hospital, and designated Dr. Robert Brown of the Douglas County Hospital to be responsible for supervising the preparation and implementation of a treatment plan.

On February 24, 1994, Hal Zimmerman took his own life. Zimmerman alleged that Hal Zimmerman's death was proximately caused by the defendants and that the defendants were negligent in failing to (1) abide by the order of the Douglas County Board of Mental Health, (2) provide medical and psychological care to Hal Zimmerman, (3) properly monitor the conduct of Hal Zimmerman, and (4) provide medicine to Hal Zimmerman.

The petition further alleged that on September 23, 1994, formal written demand and notice of the claim was given to Douglas County. Over 6 months elapsed without the county making a final disposition of the claim. Thus, Zimmerman withdrew the claim from consideration of Douglas County and filed a petition in the district court. There is no allegation in the petition that Zimmerman filed a claim with the State Claims Board in compliance with the State Tort Claims Act.

In response to Zimmerman's petition, the Douglas County Board of Mental Health filed a demurrer on the grounds that the district court lacked personal and subject matter jurisdiction and that the petition did not state sufficient facts to constitute a cause of action. The district court sustained the demurrer on August 23, 1995, finding that the Douglas County Board of Mental Health is a state agency. Because Zimmerman had not alleged compliance with the State Tort Claims Act, the district court determined that it did not have proper jurisdiction over the claim. Zimmerman was granted leave to amend her petition. She did not file an amended petition, and on September 8, the district court dismissed her cause with regard to the Douglas County Board of Mental Health. Zimmerman timely appealed, and we removed the matter to this court under our authority to regulate the dockets of the Nebraska Court of Appeals and this court.

## STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997); *Baltensperger v. Wellensiek*, 250 Neb. 938, 554 N.W.2d 137 (1996).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Hanigan v. Trumble, ante* p. 376, 562 N.W.2d 526 (1997); *D.K. Buskirk & Sons v. State, ante* p. 84, 560 N.W.2d 462 (1997).

## ASSIGNMENT OF ERROR

Zimmerman's sole assignment of error is that the district court erred in finding that the Douglas County Board of Mental Health is a state entity.

## ANALYSIS

In order to resolve this appeal, we must determine whether the Douglas County Board of Mental Health is a state agency within the meaning of § 81-8,210 or a political subdivision as defined by § 13-903. If the board is a political subdivision as defined by statute, then the Political Subdivisions Tort Claims Act applies, and Zimmerman's allegations that she (1) timely filed a formal notice of claim with Douglas County and (2) properly brought suit in district court following withdrawal of the claim would state sufficient facts to constitute a cause of action in the case at bar. Conversely, if the board is determined to be a state agency as defined by statute, then the State Tort Claims Act is applicable, and the district court would not have jurisdiction over Zimmerman's claim in the absence of an allegation that Zimmerman complied with the provisions of the act.

The State Tort Claims Act defines "state agency" as including all departments, agencies, boards, bureaus, and commissions of the State of Nebraska . . . the primary function of which is to act as, and while acting as, instrumentalities or agencies of the State of Nebraska but shall not include corporations that are essentially private corporations or entities created by local public agencies pursuant to the Interlocal Cooperation Act.

§ 81-8,210(1).

A political subdivision, as defined in the Political Subdivisions Tort Claims Act, includes "villages, cities of all classes, counties, school districts, public power districts, and all other units of local government, including entities created by local public agencies pursuant to the Interlocal Cooperation Act." § 13-903(1).

In determining whether the Douglas County Board of Mental Health is a state agency or political subdivision, in light of the statutory definitions, we first observe that boards of mental health were created to carry out the provisions of the Nebraska

Mental Health Commitment Act, Neb. Rev. Stat. § 83-1001 et seq. (Reissue 1994). Each judicial district must have at least one but not more than three mental health boards. § 83-1017. The Douglas County Board of Mental Health is officially termed the Board of Mental Health of the Fourth Judicial District of the State of Nebraska, County of Douglas. The members of each mental health board are appointed by the presiding judge of the district court in the district in which the board is located. § 83-1018(1). The presiding judge also sets the rate of compensation for the board members. Neb. Rev. Stat. § 83-337 (Reissue 1994).

The qualifications of the board members, the length of their terms, and training requirements are established by state statute. § 83-1018. The Department of Public Institutions was required to provide appropriate training for board members on a yearly basis at the time the action was brought. § 83-1018(4). Currently, the Department of Health and Human Services is required to provide such training. § 83-1018(4) (Cum. Supp. 1996). In addition, the clerk of the district court performs virtually all of the administrative tasks of the board. § 83-1016.

Although Zimmerman correctly points out that board members are paid out of the county treasury by the county board, § 83-337, and each board is required by statute to prepare and file an annual inventory statement with the county, Neb. Rev. Stat. § 83-321 (Reissue 1994), the board and its members are nevertheless clearly instrumentalities of the State, created by state governmental authority for the discharge of legally prescribed public duties, as part of the sovereign power of the State and for the public good. See *Sullivan v. Hajny*, 210 Neb. 481, 315 N.W.2d 443 (1982) (citing *State of Florida ex rel. Clyatt v. Hocker, Judge*, 39 Fla. 477, 22 So. 721 (1897)). The presiding state district judge, a state officer, has the power to appoint the members of the board, to regulate the rate of compensation paid to the board members, and to supervise the activities of the board. A state agency, the Department of Health and Human Services, is responsible for providing yearly training for the board members, and the clerk of the state district court is responsible for virtually all of the administrative activities asso-

ciated with the board. Thus, we hold, for purposes of filing a claim against a mental health board or its members, that the boards of mental health in Nebraska are state agencies within the meaning of the State Tort Claims Act. § 81-8,210(1).

Because we conclude that the Douglas County Board of Mental Health is a state agency for purposes of tort liability, the provisions of the State Tort Claims Act are applicable in the instant cause. The petition in this matter does not allege compliance with the notice and claim provisions of the State Tort Claims Act, and Zimmerman did not amend her petition to allege such compliance when given an opportunity to do so. Therefore, the district court did not err when it sustained the board's demurrer on August 23, 1995, and subsequently dismissed Zimmerman's cause of action against the board on September 8.

## CONCLUSION

Accordingly, we affirm the judgment of the district court.

AFFIRMED.