RICHARD W. GALYEN ET AL., APPELLANTS, V. M. BERRI BALKA, TAX COMMISSIONER OF THE STATE OF NEBRASKA, APPELLEE.

570 N.W. 2d 519

Filed November 7, 1997.   No. S-95-1242.

Denise E. Frost, Gina L. Schaecher, and David A. Domina, of Domina & Copple, P.C., for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and STEPHAN, JJ.

STEPHAN, J.

In this declaratory judgment action against the Tax Commissioner of the State of Nebraska, M. Berri Balka, taxpayers Richard W. Galyen, Galyen Land and Cattle, Triple J. Farming, Inc., O.N. Corporation, Conrad C. Erickson, Paul Seger, and John W. Vogel seek a judicial determination that the present manner of taxing center-pivot irrigation systems and the real property on which they are situated is unlawful. The district court for Lancaster County concluded that it did not have subject matter jurisdiction and dismissed the action. The taxpayers appealed from this order and successfully petitioned to bypass the Nebraska Court of Appeals. For the reasons stated herein, we affirm the judgment of the district court.

## BACKGROUND

In their second amended petition filed on April 17, 1995, appellants alleged that they are "owners of real property located in the counties of Holt, Rock, Wheeler and Garfield, Nebraska," and that they each own "tangible property located in Nebraska, including center pivot irrigation systems and related equipment . . . ." They commenced this action against the Tax Commissioner based upon state statutes "which impose upon him the

duty to execute faithfully the revenue laws of Nebraska" and "authorize [him] to make, adopt and promulgate rules and regulations for the info[r]mation and guidance of the Department of Revenue, county officials, assessors and boards of equalization regarding the taxation, assessment, and equalization of taxable property in Nebraska."

Appellants alleged that the Tax Commissioner "failed to cause rules or regulations relating to the taxable status of center-pivot irrigation systems and related equipment as real property or personal property to be made, adopted, promulgated or issued from the Nebraska Department of Revenue . . . ." They further alleged that the absence of such regulations

> authorized, facilitated or permitted county officials, assessors and boards of equalization of various counties in Nebraska . . . to assess, impose and collect both real and personal property taxes upon center pivot irrigation systems and related equipment utilized to irrigate growing crops on farmland, and to subject these center pivot irrigation systems and related items to duplicate taxation as: (a) fixtures or improvements constituting a part of real property defined by Neb. Rev. Stat. [§] 77-103; and (b) personal property as defined by Neb. Rev. Stat. [§] 77-104 . . . .

Appellants further alleged that the Tax Commissioner "included, or allowed to be included" the value of their center-pivot systems in the valuation of their real estate for purposes of taxation; and that it was the Tax Commissioner's "further policy and practice to assess . . . or to allow" the center-pivot systems to be taxed as personal property. Appellants claimed that this constituted "non-uniform, disproportionate double taxation" which violated art. I, § 16, and art. III, § 18, of the Nebraska Constitution; the 5th and 14th Amendments to the U.S. Constitution; and "the public policy of this State."

In the prayer of their second amended petition, appellants requested the district court to declare:

> a. Whether the practice of taxing center pivot irrigations and related equipment both as real property and personal property is unlawful, against public policy, or both; and
>
> b. Whether center pivot irrigation systems and related equipment should properly be taxed as real property, or in

the alternative, whether they should properly be taxed as personal property.

Appellants sought no other relief.

In response to the second amended petition, the Tax Commissioner filed a demurrer asserting the absence of subject matter jurisdiction, a defect of parties defendant, an improper joinder of several causes of action, and a failure to state facts sufficient to constitute a cause of action.

In an order entered on October 23, 1995, the district court sustained the demurrer and dismissed the action upon a finding that it lacked subject matter jurisdiction. The district court concluded that appellants essentially claimed that their property was being taxed in excess of its actual value; that Neb. Rev. Stat. "§ 77-1501 through § 77-1513 . . . (Cum. Supp. 1992)" provided the exclusive remedy for resolution of such claims; and, that because of the existence of this statutory remedy, it had no jurisdiction to issue the declaratory relief sought by appellants.

## ASSIGNMENTS OF ERROR

Summarized, appellants contend that the district court erred in (1) dismissing the second amended petition for lack of jurisdiction, (2) determining that appellants failed to exercise other avenues of relief, and (3) declining appellants' request for a declaratory judgment.

## STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Zimmerman v. Douglas Cty. Hosp.*, 252 Neb. 583, 563 N.W.2d 349 (1997); *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997); *PSB Credit Servs. v. Rich*, 251 Neb. 474, 558 N.W.2d 295 (1997).

The dispositive issues present questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Boettcher v. Balka*, 252 Neb. 547, 567 N.W.2d 95 (1997); *Ethanair Corp. v. Thompson*, 252 Neb. 245, 561 N.W.2d 225 (1997).

## ANALYSIS

Appellants' first two assignments of error are interrelated in that the district court concluded that it did not have jurisdiction with respect to appellants' claim for declaratory relief because appellants had an adequate and exclusive statutory remedy. The Uniform Declaratory Judgments Act as adopted in Nebraska, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1995), provides in pertinent part that any person "whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." § 25-21,150.

An action for declaratory judgment does not lie where another equally serviceable remedy is available. *Boettcher v. Balka, supra*; *Hauserman v. Stadler*, 251 Neb. 106, 554 N.W.2d 798 (1996). One who has failed to pursue a full, adequate, and exclusive statutory remedy is not afforded an additional remedy under the Uniform Declaratory Judgments Act. *Boettcher v. Balka, supra*; *Rawson v. Harlan County*, 247 Neb. 944, 530 N.W.2d 923 (1995). The district court's determination that appellants had an exclusive statutory remedy under §§ 77-1501 to 77-1513, which precluded its exercise of jurisdiction over their claim for declaratory relief under the Uniform Declaratory Judgments Act, relied upon our decisions in previous cases where we held that the statutory process by which a taxpayer could file a protest with the county board of equalization, alleging overvaluation of property for tax purposes, and then seek de novo judicial review in the district court from any adverse determination by the board was a full, adequate, and exclusive remedy; and, a collateral attack on a tax assessment in a judicial proceeding was permissible only if the assessment is partially or entirely void. See, *Olson v. County of Dakota*, 224 Neb. 516, 398 N.W.2d 727 (1987); *Riha Farms, Inc. v. Dvorak*, 212 Neb. 391, 322 N.W.2d 801 (1982); *Scudder v. County of Buffalo*, 170 Neb. 293, 102 N.W.2d 447 (1960).

Appellants contend that the statutory remedy is inapplicable because they "did not request the trial court to amend, avoid, or abrogate their pending tax liabilities in any way, *nor* to refund taxes already paid." (Emphasis in original.) Brief for appellants

at 10. This disclaimer raises the issue of whether an actual case or controversy was alleged by appellants in their second amended petition.

While not a constitutional prerequisite for jurisdiction of the courts of the State of Nebraska (cf. U.S. Const. art. III, § 2), we have held that the existence of an actual case or controversy is necessary for the exercise of judicial power in this state. See, *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997); *In re Petition of Anonymous 1*, 251 Neb. 424, 558 N.W.2d 784 (1997); *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994); *State v. Baltimore*, 242 Neb. 562, 495 N.W.2d 921 (1993); *Mullendore v. Nuernberger*, 230 Neb. 921, 434 N.W.2d 511 (1989). A court decides real controversies and determines rights actually controverted, and does not address or dispose of abstract questions or issues that might arise in a hypothetical or fictitious situation or setting. *In re Petition of Anonymous 1, supra; Welch v. Welch, supra; State v. Baltimore, supra.* Moreover, the case or controversy requirement " 'applies with equal, if not stronger, force to an action for a declaratory judgment, since the right to maintain the action is expressly granted only to those "person[s] . . . whose rights, status or other legal relations are affected by a statute." ' " *Jaksha v. State*, 241 Neb. 106, 127, 486 N.W.2d 858, 872 (1992), quoting *Mullendore v. Nuernberger, supra*, quoting § 25-21,150. Specifically, declaratory judgment " 'cannot be used to decide the legal effect of a state of facts which are future, contingent, or uncertain. There must, at the time that the declaration is sought, be an actual justiciable issue.' " *Mullendore v. Nuernberger*, 230 Neb. at 926, 434 N.W.2d at 515, quoting *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981).

Appellants' claim for declaratory relief was entirely dependent upon future events, e.g., whether the Tax Commissioner would issue regulations regarding taxation of center-pivot irrigation systems and related property and the content of any such regulations; whether appellants would continue to own center-pivot irrigation systems and, if so, the manner in which taxes would be assessed on such property in the future. Appellants conceded that the declaratory relief they requested could not have affected any right or interest existing at the time that the

matter was submitted to the district court. Therefore, appellants presented no actual controversy capable of judicial resolution.

Appellants also contend that the statutory remedy is inadequate because it does not permit them to obtain a judicial determination of the issue of whether "duplicative characterization and assessment of center pivot irrigation systems is unlawful and/or violative of public policy." Brief for appellants at 11. It is true that a party who can demonstrate that he or she is adversely affected by a tax statute may bring a declaratory judgment action to determine its constitutionality. *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995); *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). However, appellants' second amended petition contained no allegation that any tax statute is unconstitutional on its face or as applied, and appellants did not seek injunctive relief with respect to the enforcement of any statute. Instead, they alleged that the Tax Commissioner failed to issue rules or regulations relating to the taxable status of center-pivot irrigation systems and related equipment as real or personal property, and that such failure "authorized, facilitated or permitted" local taxing authorities to subject such property to what appellants contend to be unlawful "duplicate taxation."

Assuming these allegations to be true, they afford no basis for declaratory relief. In essence, appellants contend that because the Tax Commissioner allegedly failed to give regulatory guidance to local taxing authorities regarding the correct method of taxing center-pivot irrigation systems and the land on which they are located, such guidance should be provided by the courts in the form of a declaratory judgment. However, declaratory relief cannot be used to obtain a judgment which is merely advisory. *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994). In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to advise taxing authorities regarding the manner in which they are to carry out their responsibilities.

Moreover, we agree with the Tax Commissioner's argument that appellants' claims are barred by the doctrine of sovereign immunity. In *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993), we held that the Uniform Declaratory Judgments Act is

inoperative as a waiver of sovereign immunity, and a party who seeks declaratory relief against a state must find authorization for such remedy from another source. Although Neb. Rev. Stat. § 84-911 (Reissue 1994) of the Administrative Procedure Act provides a limited statutory waiver of sovereign immunity which permits a court to determine the validity of administrative rules and regulations, it is inapplicable to this case where the *absence* of regulations forms the basis of the claim.

We have also held that a declaratory or other equitable action against a state officer or agent attacking the constitutionality of a statute or seeking relief from an invalid act or an abuse of authority by an officer or agent is not a suit against the state and is therefore not prohibited by principles governing sovereign immunity. *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993); *Bartels v. Lutjeharms*, 236 Neb. 862, 464 N.W.2d 321 (1991). Appellants have not alleged nor do we find any constitutional or statutory duty on the part of the Tax Commissioner to issue regulations dealing with the taxation of center-pivot irrigation systems. His general statutory duty is to "make, adopt, and publish such rules and regulations as he . . . may deem necessary and desirable to carry out the powers and duties imposed upon him . . . and the Department of Revenue." Neb. Rev. Stat. § 77-369 (Reissue 1996).

In essence, appellants asked the district court to find that the Tax Commissioner, in his official capacity, should have adopted regulations requiring the valuation and taxation of center-pivot irrigation systems in a specific manner. This claim is similar in nature to that in *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995), where a county sought a declaratory judgment that the then Nebraska Department of Public Institutions and two officials of the department were required under the Nebraska Mental Health Commitment Act to immediately accept custody of individuals committed to the department by the Lancaster County Mental Health Board, which they had refused to do. In resolving the issue of whether a declaratory judgment action against individual state officers is in reality an action against the state, and thus barred by sovereign immunity, we stated:

The individual defendants in the case at bar have been sued in their official capacity. Although the county has not alleged that the individuals acted unconstitutionally, it does assert that by not accepting immediate custody of the Board's commitments, the individuals acted in contravention of their duties. The county seeks by declaratory judgment to compel the immediate acceptance by the defendants of those people who are committed by the Board. The relief sought against the individual defendants is affirmative and therefore is within the scope of immunity.

247 Neb. at 728-29, 529 N.W.2d at 795.

In this case, appellants contend that the Tax Commissioner failed to take regulatory action which would have required that center-pivot irrigation systems be assessed and taxed in a specific manner. Necessarily implicit in their request that the district court declare the manner in which the revenue statutes should be applied to this type of property is a claim that the Tax Commissioner would then be required to take affirmative action in compliance with the declaratory judgment. Thus, the relief sought against the Tax Commissioner is affirmative in nature and not within the jurisdiction of the district court because of the doctrine of sovereign immunity. *County of Lancaster v. State, supra.*

For the reasons stated, we conclude that the district court lacked subject matter jurisdiction and therefore affirm the judgment of dismissal.

AFFIRMED.

McCORMACK, J., participating on briefs.