THOMAS, J.,
Dissenting.
I respectfully dissent. The trial court abused its discretion in excluding evidence that the Food and Drug Administration (FDA) recalled and banned ephedrine-alkaloid containing products in 2004, six years after Appellant allegedly ingested such a product. Without question, the trial court erred as a matter of law in its view that this evidence was not relevant to prove that Appellees had notice of the dangers of these products. Notice is not an element of a strict liability claim, and this was not a basis to exclude the evidence. Thus, on this basis alone, this court could reverse, utilizing the de novo standard of review regarding evidentiary trial decisions based on questions of law. Shands Teaching Hosp. v. Dunn, 977 So.2d 594 (Fla. 1st DCA 2007). Even applying the abuse of discretion standard, however, the trial court reversibly erred in excluding the evidence.
A mandatory recall and ban is relevant evidence and demonstrates a product’s design defect, even where the recall and ban is issued after the date of the product’s manufacture. Section 90.401, Florida Statutes, defines relevant evidence as “evidence tending to prove or disprove a material fact.” In 2004, the FDA reported that ephedrine-containing products were so dangerous that public safety required a ban and recall of that class of products. Thus, the ban is relevant to show that the Super Mini’s allegedly ingested by Appellant, which contained ephedrine alkaloids in 1998, had a defect in design. The 2004 ban does not conclusively prove that the products used in 1998 were in fact defective, but it does tend to show that ephedrine alkaloids posed a significant threat. I note that the FDA’s report was not an after-the-fact determination based on new evidence of danger, but a determination that the products had to be recalled.
The date of the recall and ban is only one aspect of the value of the evidence, which goes to its weight, not its admissibility. The trial court reversibly erred by depriving Appellant of the opportunity to present evidence that the product was investigated and then recalled. See Brantley v. Snapper Power Equip., 665 So.2d 241 (Fla. 3d DCA 1995); see generally Hessen v. Jaguar Cars, Inc., 915 F.2d 641, 648-49 (11th Cir.1990) (trial court properly admitted recalled evidence where plaintiffs automobile was not included in recall, but its defective condition was same defect identified in recall); Rose v. Figgie Int'l, Inc., 229 Ga.App. 848, 495 S.E.2d 77, 84 (1997); Stinson v. E.I. DuPont De Nemours & Co., 904 S.W.2d 428, 432 (Mo.App.1995) (warning labels provided after manufacturing date relevant to show “whether [product was] unreasonably dangerous, and thus defectively designed ... at the time of [the] injury.”).
*811 The case of Toole v. McClintock, 999 F.2d 1430 (11th Cir.1993), is distinguishable and unpersuasive. There, the district court admitted into evidence an FDA report which contained proposed findings that breast implants can cause cancer or autoimmune disease. Id. at 1433-34. Here, by contrast, the FDA banned all products containing ephedrine alkaloids. Had the FDA’s 1997 proposed rule regarding ephedrine alkaloids been admitted into evidence, Toole could be persuasive.
As to the other reasons cited by the trial court, none compelled exclusion of the evidence. Appellee BDI Pharmaceutical’s arguments that the FDA’s 2004 report banning ephedrine alkaloids did not specifically address Super Mini’s also goes to the weight and value of the evidence, not its admissibility. Had the trial court admitted the 2004 report, BDI could argue to the jury that the ban utilized a cost-benefit analysis and made no determination regarding any specific product. Certainly, BDI could inform the jury of the FDA’s conclusion that it had no proof “that any substance has actually caused harm in particular cases.”
A trial should be based on competing theories, with relevant and admissible evidence heard and considered by the jury. Here, the trial court abused its discretion by not permitting the jury to consider relevant evidence, based on an incorrect legal determination. Contrary to the trial court’s finding under section 90.403, there was no adequate showing that unfair prejudice outweighed the probative value. Because the trial court incorrectly determined the relevance of the evidence, it could not effectively weigh any prejudice the evidence could create vis a vis its probative value; thus, the section 90.403 analysis was compromised. The evidence was, in fact, relevant, and its prejudicial value must be considered in that context. Cf. Marchina v. State, 702 So.2d 1369, 1369-70 (Fla. 1st DCA 1997) (where evidence has “little legitimate probative value,” court should exclude evidence if substantially outweighed by danger of unfair prejudice).
The exclusion of this evidence left the jury with the incorrect impression that the ephedrine alkaloid products remained available to the public even after the FDA’s investigation resulted in a proposed rule. The 2004 ban was so inextricably intertwined with other evidence that its exclusion left a false and misleading impression that, in my view, meets the test for harmful error. See generally City of Ocala v. Red Oak Farm, Inc., 673 So.2d 86 (Fla. 5th DCA 1996) (harmfulness of evi-dentiary ruling highlighted by vigorous trial advocacy in support of ruling reversed by appellate court). The evidence at issue here was relevant, and its exclusion seriously prejudiced Appellant’s opportunity to fairly present its own case for the jury to consider. I would reverse and remand for a new trial on this issue.