DOUGLAS L. RAWSON, APPELLANT, V. HARLAN COUNTY, NEBRASKA, A POLITICAL SUBDIVISION, APPELLEE.

530 N.W.2d 923

Filed May 5, 1995.   No. S-94-596.

Larry R. Baumann and Steven P. Vinton, of Kelley, Scritsmier & Byrne, P.C., for appellant.

Douglas A. Kristensen, of Lieske and Kristensen, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

On May 15, 1990, the voters in Harlan County, Nebraska, voted to increase from 7 cents to 19 cents the tax levied to support the Harlan County Hospital, and to increase from 50 cents to 62 cents the tax levied to support the county. The ballot questions approved by the voters did not contain any limitation with regard to the duration of the increased levies. Consequently, since 1990, the county board of supervisors has been operating both the hospital and the county pursuant to these increased levies.

During August 1993, the board published a notice that a public budget hearing would be held August 24 for the "purpose of hearing support, opposition, criticism, suggestions or observations of taxpayers relating to the following proposed budget and to consider amendments relative thereto." At the hearing, however, the board failed to ask whether any taxpayer wished to speak. Subsequently, the board approved a budget that assessed a 14-cent levy to operate the hospital and a 63-cent levy to operate the county.

A taxpayer and real property owner, Douglas L. Rawson (taxpayer), sued Harlan County seeking injunctive and declaratory relief. He contended that the budget was void for failure to comply with the Nebraska Budget Act, Neb. Rev. Stat. § 13-501 et seq. (Reissue 1991, Cum. Supp. 1992, & Supp. 1993), and the Nebraska public meetings laws, Neb. Rev. Stat. § 84-1408 et seq. (Reissue 1987 & Cum. Supp. 1992). He also attempted to set aside the 1993 tax levies as violative of Neb. Const. art. VIII, § 5, and Neb. Rev. Stat. §§ 23-119 and 23-125 (Cum. Supp. 1994).

The district court denied the taxpayer's requests for relief. The taxpayer appealed. On appeal, the taxpayer contends that

the district court erred in determining that the (1) public hearing on the county budget held August 24, 1993, complied with the Nebraska Budget Act; (2) board was authorized to levy a tax of more than 7 cents per $100 of actual valuation for support of the hospital; (3) board was authorized to levy total taxes of 63 cents per $100 of actual valuation for fiscal year 1993; and (4) vote of the citizens of Harlan County in 1990 authorized the board to levy taxes in excess of the statutory and constitutional limits for fiscal year 1993. Before we reach the taxpayer's assigned errors, however, we must consider the threshold issue of whether the taxpayer sought the proper remedy in the district court. As noted previously, the taxpayer sought both an injunction to set aside the 1993 tax levy and a declaratory judgment to determine that the 1993 tax was illegal and unauthorized.

The purpose of an injunction is to restrain actions that have not yet been taken. *Koenig v. Southeast Community College*, 231 Neb. 923, 438 N.W.2d 791 (1989). Injunctive relief is preventative, prohibitory, or protective, and equity usually will not issue an injunction when the action of which the plaintiff complains has been committed and the injury has been done. *Id.*; *Propst v. Board of Educational Lands and Funds*, 156 Neb. 226, 55 N.W.2d 653 (1952); *Conrad v. Kaup*, 137 Neb. 900, 291 N.W. 687 (1940). Neb. Rev. Stat. § 77–1727 (Cum. Supp. 1994) governs suits by taxpayers who seek to restrain the collection of any tax. Section 77–1727 provides in relevant part: "No injunction shall be granted by any court or judge in this state . . . to restrain the collection of any tax, or any part thereof . . . ." In the case at bar, the tax has already been collected, and the taxpayer has paid that tax. Consequently, no court now could prevent or prohibit Harlan County from collecting its 1993 tax levy. The taxpayer's request for an injunction is therefore moot.

With regard to the taxpayer's request for a declaratory judgment, we note that "[w]here an exclusive [statutory] remedy is provided, the declaratory judgment act does not provide an additional remedy. A declaratory judgment action can afford no relief to one who has failed to pursue a full, adequate, and exclusive statutory remedy." *Scudder v. County of Buffalo*, 170

Neb. 293, 296, 102 N.W.2d 447, 450 (1960). Neb. Rev. Stat. § 77-1735 (Cum. Supp. 1994) provides an exclusive statutory remedy under which the taxpayer may seek relief. In *Scudder*, we specifically stated: "We think the foregoing section [77-1735] provides an exclusive remedy for recovering taxes paid where the tax was levied or assessed for an [alleged] illegal or unauthorized purpose." 170 Neb. at 297, 102 N.W.2d at 450.

However, in a subsequent case, *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 33, 388 N.W.2d 93, 98 (1986), we stated that the "[a]vailability of other remedies is a factor bearing upon a trial court's discretionary decision whether to entertain an action for a declaratory judgment." We further stated that "a trial court may, at its discretion, refuse to entertain an action for declaratory judgment where another 'equally serviceable remedy' has been provided by law." *Id*. In the case at bar, the taxpayer makes no claim of constitutionality and has paid the tax.

Therefore, in the case at bar either because the taxpayer's proper remedy is to file a refund action under § 77-1735 and litigate the issues he raises in such an action, or because an "equally serviceable remedy" has been provided by § 77-1735, we are precluded from reaching the issue of whether the 1993 tax levy was illegal or unauthorized.

Since the taxpayer failed to pursue his adequate statutory remedies pursuant to § 77-1735, and since that issue is dispositive, we affirm the decision of the district court.

AFFIRMED.