JAMES O. BOETTCHER ET AL., APELLANTS, V. M. BERRI BALKA, TAX COMMISSIONER OF THE STATE OF NEBRASKA, APPELLEE.
567 N.W.2d 95

Filed May 23, 1997.   No. S-95-736.

Denise E. Frost and David A. Domina, of Domina & Copple, P.C., for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

In this declaratory judgment action against the appellee Tax Commissioner of the State of Nebraska, M. Berri Balka, the appellant taxpayers, James O. Boettcher, Stan Dobrovolny, and Jerold Stewart, seek an injunction against the collection of taxes pursuant to certain amendments to the Nebraska Constitution relating to revenue and taxation and legislation enacted pursuant thereto, a refund of taxes paid, and a declaration that said amendments and enactments are unconstitutional under certain other provisions of the Nebraska Constitution and certain provisions of the U.S. Constitution. The district court concluded that it lacked jurisdiction and dismissed the amended petition. The taxpayers successfully petitioned to bypass the Nebraska Court of Appeals and assert, in summary, that the district court erred in (1) ruling that it lacked jurisdiction and (2) failing to declare "the 1992 Amendments to Neb. Const. Art. VIII" to be unconstitutional. We affirm.

## II. SCOPE OF REVIEW

The dispositive issues present questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Ethanair Corp. v. Thompson, ante* p. 245, 561 N.W.2d 225 (1997).

## III. FACTS

The taxpayers are citizens and residents of Nebraska and own real property, including agricultural lands, together with intan-

gible and tangible personal property, including livestock and agricultural equipment, all subject to taxation as provided in Neb. Rev. Stat. § 77-201 et seq. (Reissue 1996).

In May 1992, the voters amended portions of Neb. Const. art. VIII, §§ 1 and 2. As amended, article VIII, § 1, reads, in relevant part:

> Notwithstanding Article I, section 16 [prohibiting enactment of ex post facto laws], Article III, section 18 [forbidding, with certain exceptions, special laws granting special or exclusive privileges or immunity], or Article VIII, section 4 [preventing, with certain exceptions, the discharge or commutation of taxes], of this Constitution or any other provision of this Constitution to the contrary: (1) Taxes shall be levied by valuation uniformly and proportionately upon all real property and franchises as defined by the Legislature except as otherwise provided in or permitted by this Constitution; [and] (2) tangible personal property, as defined by the Legislature, not exempted by this Constitution or by legislation, shall all be taxed at depreciated cost using the same depreciation method with reasonable class lives, as determined by the Legislature, or shall all be taxed by valuation uniformly and proportionately . . . .

As amended, article VIII, § 2, provides, in relevant part:

> Notwithstanding Article I, section 16, Article III, section 18, or Article VIII, section 1 or 4, of this Constitution or any other provision of this Constitution to the contrary: . . . (8) the Legislature may exempt inventory from taxation; [and] (9) the Legislature may define and classify personal property in such manner as it sees fit, whether by type, use, user, or owner, and may exempt any such class or classes of property from taxation if such exemption is reasonable or may exempt all personal property from taxation . . . .

The Nebraska Legislature subsequently implemented those constitutional changes by enacting 1992 Neb. Laws, L.B. 1, 2d Special Sess., and 1992 Neb. Laws, L.B. 1, 4th Special Sess.

## IV. ANALYSIS

The taxpayers challenge the district court's determination that since they have an adequate statutory remedy under Neb.

Rev. Stat. §§ 77-27,127 and 77-27,128 (Reissue 1996), the court lacked jurisdiction to entertain this declaratory judgment action.

The district court was correct in noting that declaratory judgment does not lie where another equally serviceable remedy is available. *Hauserman v. Stadler*, 251 Neb. 106, 554 N.W.2d 798 (1996); *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994). Moreover, where an exclusive statutory remedy is provided, the Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 through 25-21,164 (Reissue 1995), does not provide an additional remedy. Furthermore, a declaratory judgment action can afford no relief to one who has failed to pursue a full, adequate, and exclusive statutory remedy. *Rawson v. Harlan County*, 247 Neb. 944, 530 N.W.2d 923 (1995).

However, a reading of § 77-27,127, making appeal under the Administrative Procedure Act the exclusive method of challenging a final action of the commissioner, and § 77-27,128, providing that the appeal specified in § 77-27,127 is the exclusive remedy for challenging the assessment of a proposed deficiency, in the context of the other statutes of which they are a part, makes clear that they apply only to income, use, and sales taxes. See Neb. Rev. Stat. § 77-2701 (Reissue 1996) (enumerates sections composing Nebraska Revenue Act of 1967, which pertains to aforesaid taxes). As we are here concerned with real and personal property, the district court erred in determining that the taxpayers have an adequate statutory remedy under §§ 77-27,127 and 77-27,128.

Nonetheless, a proper result will not be reversed merely because it was reached for the wrong reasons. *Ochs v. Makousky*, 249 Neb. 960, 547 N.W.2d 136 (1996); *Winfield v. CIGNA Cos.*, 248 Neb. 24, 532 N.W.2d 284 (1995); *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994). Where the record demonstrates that the decision of the trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, the appellate court will affirm. *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997); *Whitten v. Whitten*, 250 Neb. 210, 548 N.W.2d 338 (1996).

## 1. Injunction Against Collection of Taxes

The taxpayers ask that "[a]ny and all liens, garnishments or encumbrances of any kind imposed upon [their] assets by the [commissioner] be declared void and unenforceable, and terminated in every respect." Neb. Rev. Stat. § 77-1727 (Reissue 1996) provides:

> No injunction shall be granted by any court or judge in this state (1) to restrain the collection of any tax, or any part thereof, or (2) to restrain the sale of any property for the nonpayment of any such tax.

> No person shall be permitted to recover by replevin, or other process, any property taken or restrained by the county treasurer for the nonpayment of any tax, except such tax or the part thereof enjoined in case of injunction, levied or assessed for illegal or unauthorized purpose.

> No injunction shall be granted or recovery by replevin shall be permitted unless the person has first successfully argued before a court of competent jurisdiction that the tax levied or collected was levied or assessed for illegal or unauthorized purpose.

In *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995), we interpreted that language in light of our prior decisions and held that injunctive relief is available under § 77-1727 only where the tax is void or levied for an illegal or unauthorized purpose. Although the taxpayers claim that the constitutional amendments and enactments provide for unconstitutional taxation, nothing in the bill of exceptions or the taxpayers' amended petition indicates that the commissioner has imposed any liens, garnishments, or encumbrances upon the taxpayers' assets.

However, the taxpayers further seek an injunction prohibiting the commissioner from enforcing article VIII, § 1, article VIII, § 2, and the enactments, or any of their provisions, "to the extent they unconstitutionally purport to grant or allow special privileges and immunities in taxation." But the commissioner is not charged with enforcing the challenged sections of the Nebraska Constitution, as there is nothing in the challenged constitutional amendments for him to enforce. Further, as the district court correctly noted, Neb. Rev. Stat. § 77-3908 (Reissue 1990) provides, in relevant part:

> No injunction or writ of mandamus or other legal or equitable process shall issue in any suit, action, or proceeding in any court against this state to enjoin the collection of any tax, fee, or any amount of tax required to be collected under any tax program administered by the Tax Commissioner.

The district court therefore did not err insofar as it determined that it lacked jurisdiction to consider the taxpayers' claim for an injunction preventing the collection of any tax.

### 2. REFUND OF TAXES PAID

The taxpayers also seek the refund of any and all taxes collected pursuant to the enactments.

Neb. Rev. Stat. § 77-1735 (Cum. Supp. 1994) provides, in relevant part:

> (1) Except as provided in subsection (2) of this section, if a person makes a payment to any county or other political subdivision of any property tax or any payment in lieu of tax with respect to property and claims the tax or any part thereof is illegal for any reason other than the valuation or equalization of the property, he or she may, at any time within thirty days after such payment, make a written claim for refund of the payment from the county treasurer to whom paid. . . . For purposes of this section, illegal shall mean a tax levied for an unauthorized purpose or as a result of fraudulent conduct on the part of the taxing officials. A person shall not be entitled to a refund pursuant to this section of any property tax paid or any payment in lieu of tax unless the person has filed a claim with the county treasurer or prevailed in an action against the county.

The district court held that jurisdiction pursuant to § 77-1735 does not exist, since the taxpayers failed to comply with the foregoing filing requirements. Nothing in the record indicates that the taxpayers brought this action pursuant to § 77-1735, which provides the remedy to challenge a tax which has already been paid. As a declaratory judgment does not lie where another equally serviceable remedy is available, an action for declaratory judgment is an improper means for challenging a tax that has already been paid. *Rawson v. Harlan County*, 247 Neb. 944,

530 N.W.2d 923 (1995). Accordingly, the district court did not err insofar as it determined that it lacked jurisdiction to consider the taxpayers' claim for a tax refund.

### 3. CONSTITUTIONAL CLAIMS

That brings us to the taxpayers' prayer for a declaration that the enactments and constitutional amendments which the enactments implemented are unconstitutional "inasmuch as they purport to create and allow special benefits and privilege for certain holders of tangible property . . . ."

Section 25-21,149 provides:

> Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree. Any action or proceeding seeking a declaratory judgment that any tax, penalty, or part thereof is unconstitutional shall be brought in the tax year in which the tax or penalty was levied or assessed.

Section 25-21,150 reads:

> Any person . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

### (a) Enactments

It is clear under the language of § 25-21,150 that a declaratory judgment action may be used to determine one's rights, status, or other legal relations under a legislative enactment relating to revenue and taxation. See *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995).

However, while the taxpayers argue that each of the enactments set forth in part III above are unconstitutional, they did not assign as error the district court's refusal to declare uncon-

stitutional either of those enactments. Errors which are argued but not assigned will not be considered by an appellate court. *Daehnke v. Nebraska Dept. of Soc. Servs.*, 251 Neb. 298, 557 N.W.2d 17 (1996); *Pantano v. McGowan*, 247 Neb. 894, 530 N.W.2d 912 (1995). Thus, we do not reach the constitutionality of either enactment.

### (b) Amendments

Although the language of § 25-21,150 does not mention the Nebraska Constitution or the U.S. Constitution, we have nonetheless permitted constitutional challenges to be made via declaratory judgment actions. See, e.g., *Duggan v. Beermann*, 249 Neb. 411, 544 N.W.2d 68 (1996) (constitutionality under U.S. Constitution of initiative amendment to Nebraska Constitution); *Omaha Nat. Bank v. Spire*, 223 Neb. 209, 389 N.W.2d 269 (1986) (constitutionality under U.S. and Nebraska Constitutions of initiative amendment to Nebraska Constitution).

However, we have held, in the context of a challenge to a statute, that a plaintiff in a declaratory judgment action must establish standing to bring the action by establishing that the plaintiff is a person whose rights, status, or other legal relations are affected by the challenged statute. *Mullendore v. Nuernberger*, 230 Neb. 921, 434 N.W.2d 511 (1989). See *Duggan, supra.* The principle is no less viable when the challenge is to a constitutional provision.

As set forth in greater detail in part III above, article VIII, § 1, empowers the Legislature, if it so chooses, to tax personal property either at a depreciated cost or by valuation uniformly and proportionately. Article VIII, § 2, permits the Legislature, if it so elects, to exempt particular personal property from taxation. In short, these amendments in and of themselves do not impose any tax, create any classifications, or create any exemptions. Accordingly, only laws implementing said amendments could possibly affect the taxpayers' rights. As the amendments do not in and of themselves operate such as to affect any taxpayer's rights, status, or other legal relations, they do not confer upon the taxpayers the standing required by § 25-21,149. See, *Duggan, supra* (court should refuse declaratory judgment unless pleadings present justiciable controversy ripe for judicial

determination); *Mullendore, supra* (standing is key function in determining whether justiciable controversy exists, or whether litigant has sufficient interest in case to warrant declaratory relief).

## V. JUDGMENT

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.