WYATT RICHARDS AND JOAN RICHARDS, HUSBAND AND WIFE, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF ASHLEY RICHARDS, A MINOR CHILD, APPELLANTS, V. LLOYD MEESKE AND MEESKE LAND & CATTLE CO., INC., A NEBRASKA CORPORATION, APPELLEES.

675 N.W.2d 707

Filed March 2, 2004. No. A-02-1184.

Sally A. Rasmussen, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellants.

Stephen W. Kay, of Kay & Kay, for appellees.

SIEVERS, INBODY, and MOORE, Judges.

MOORE, Judge.

## I. INTRODUCTION

Ashley Richards, a minor formerly known as Ashley Meeske, was injured on December 30, 1996, in an accident while riding an all-terrain vehicle (ATV) on property (the Meeske property) owned by Meeske Land & Cattle Co., Inc., and occupied by Lloyd Meeske. Following Ashley's accident, Wyatt Richards and Joan Richards (collectively the Appellants), in their individual capacities and as the parents and natural guardians of Ashley, brought a personal injury action in the district court for Chase County against Lloyd, Henry Meeske, Pauline Meeske, and Meeske Land & Cattle. On September 20, 2002, the district court granted Meeske Land & Cattle's motion for summary judgment. The Appellants have timely appealed. For the reasons stated below, we affirm.

## II. BACKGROUND

We first set forth certain background information that will be helpful in understanding the relationships of the parties involved in this case. Joan and Lloyd were married in 1986 and divorced in 1992. To their marriage were born Ashley on May 16, 1987, and Chelsea Richards (formerly known as Chelsea Meeske) on April 9, 1990. Joan also has another child, Brittandy Richards (formerly known as Brittandy Meeske), born January 5, 1985, who was adopted by Lloyd during Joan and Lloyd's marriage. Joan married her current husband, Wyatt, on April 1, 1993. Wyatt adopted Joan's three above-mentioned daughters subsequently to Ashley's December 1996 accident. Lloyd married his current wife, Lynette Meeske, on February 8, 1994, and her two children, Lloyd's stepdaughters, apparently resided with or visited Lloyd on occasion.

The Meeske property is located near Champion, Nebraska, and is owned by Meeske Land & Cattle. On the date of Ashley's accident, the shareholders of Meeske Land & Cattle were Henry (Lloyd's grandfather), Pauline (Lloyd's great-aunt), and Irene Gestring (also Lloyd's great-aunt), each of whom we mention further below; Lloyd's uncle, aunt, and father; and a third great-aunt of Lloyd. At the time of the accident, the officers and directors of Meeske Land & Cattle were Henry, who was the president and treasurer; Pauline, who was the vice president; and Irene, who was the secretary. Henry was 88 years old at the time of the summary judgment hearing and lived in a retirement center. Pauline was approximately 90 years old at the time of the summary judgment hearing and had been living in a nursing home for approximately 2 years. Irene was deceased at the time of the summary judgment hearing.

At the time of the accident, Henry and Pauline resided together in a house located approximately one-quarter of a mile from Lloyd's house on the Meeske property. Lloyd and Lynette have lived on the Meeske property since August 1994. Lloyd and his brothers rent farm ground from and run a farming operation for Meeske Land & Cattle. Lloyd performs upkeep and maintenance on the portion of the Meeske property where he lives in exchange for not paying rent to Meeske Land & Cattle for the residence.

The Appellants filed a petition on December 18, 2000. The Appellants alleged that on December 30, 1996, Ashley was a guest at a residence occupied by Lloyd and situated on farm ground owned or occupied by Lloyd, Henry, Pauline, and Meeske Land & Cattle (collectively the Defendants). The Appellants further alleged that Ashley was injured in an accident while riding an ATV around the Meeske property on that date. The Appellants alleged that Ashley's use of the ATV on the Meeske property was done with the knowledge and consent of the Defendants in spite of the Defendants' knowledge that it was a dangerous activity. The Appellants alleged that the Defendants had had a duty to exercise reasonable care for Ashley's safety and failed to do so and that this failure was a proximate cause of Ashley's injuries. The Appellants prayed for both special and general damages.

On March 21, 2001, the Defendants filed answers to the petition, Lloyd's separate answer being virtually identical to that of his codefendants. The Defendants denied the existence of any negligence on their part and asserted that Ashley was guilty of contributory negligence sufficient to bar recovery. Specifically, the Defendants alleged that Ashley was negligent in failing to maintain a proper lookout, failing to maintain the ATV under reasonable control, and driving the ATV at a rate of speed greater than was reasonable and prudent. Through a subsequent order, the court limited any alleged acts of contributory negligence by Ashley to those acts specifically set forth in the answers filed by the Defendants.

On August 9, 2002, Meeske Land & Cattle filed a motion for summary judgment. Meeske Land & Cattle alleged that there was no genuine issue as to any material fact and that it was entitled to summary judgment as a matter of law. Meeske Land & Cattle indicated that its motion was based on the petition of the Appellants; the answer of Henry, Pauline, and Meeske Land & Cattle; and an affidavit of Lloyd dated August 8, 2002.

The hearing on Meeske Land & Cattle's motion was held on August 22, 2002, via telephone conference. The Appellants dismissed Henry and Pauline from the suit on that date. At the hearing, Meeske Land & Cattle offered into evidence the petition of the Appellants; the answer of Henry, Pauline, and Meeske Land & Cattle; the affidavit of Lloyd; and a deposition of Ashley. The Appellants did not object to the offer of the pleadings or of Ashley's deposition. The Appellants did make numerous objections to the offer of Lloyd's affidavit, which we discuss below as necessary to the resolution of this appeal. The district court received the affidavit into evidence subject to the Appellants' objections. The record of the August 22 hearing does not reflect a specific ruling by the court admitting the remaining exhibits offered by Meeske Land & Cattle into evidence.

By agreement of the parties, the Appellants were given 15 days from the hearing to submit their evidence in opposition to the motion for summary judgment. The judge's notes contained in the transcript indicate that on August 30, 2002, the court considered submitted the exhibits it received from the Appellants. Meeske Land & Cattle did not object to the Appellants' exhibits.

Specifically, the Appellants' exhibits consisted of the Defendants' answer to the Appellants' interrogatories (providing the legal description of the Meeske property), a licensed abstractor's affidavit attached to a warranty deed (both indicating that Meeske Land & Cattle owned the Meeske property at the time of Ashley's accident), answers and objections of Lloyd to the Appellants' interrogatories, and depositions of both Lloyd and Joan. Specific details of the various exhibits offered by the parties are set forth below as necessary to our resolution of this appeal.

The district court entered an order on September 20, 2002, granting Meeske Land & Cattle's motion for summary judgment. The court found the following facts to be undisputed: (1) The ATV involved in the accident was owned by Lloyd, (2) Henry and Pauline were not present when Ashley rode the ATV on December 30, 1996, (3) the area where Ashley was riding the ATV consisted of a gravel road and grassy area with bumps in both the road and the grassy area, and (4) the area where the ATV was being ridden was on real estate "under the control of and[,] perhaps, rented by Lloyd" from Meeske Land & Cattle. The court explained that it "sai[d] perhaps rented by [Lloyd]" because Lloyd lived there rent free in return for taking care of the real estate. The court found no dispute regarding any of the above facts or the inferences to be drawn from them. The court found no evidence that would support a claim against Meeske Land & Cattle, other than the fact that it was the owner of the real estate where the accident occurred. The court granted Meeske Land & Cattle's motion for summary judgment. The Appellants subsequently perfected their appeal to this court.

Following the docketing of the appeal, Meeske Land & Cattle filed a motion to amend the bill of exceptions. On January 6, 2003, a telephonic hearing was held on the motion. The district court entered an order, filed with this court on January 9, amending the bill of exceptions to indicate that the court overruled all of the Appellants' objections to Lloyd's affidavit and received all of the exhibits offered by the parties into evidence.

### III. ASSIGNMENTS OF ERROR

The Appellants assert that the district court erred in (1) overruling their objections to Lloyd's affidavit and (2) sustaining Meeske Land & Cattle's motion for summary judgment.

## IV. STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Controlled Environ. Constr. v. Key Indus. Refrig.*, 266 Neb. 927, 670 N.W.2d 771 (2003). In reviewing an order for summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

■ In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *Gourley v. Nebraska Methodist Health Sys.*, 265 Neb. 918, 663 N.W.2d 43 (2003).

## V. ANALYSIS

### 1. ADMISSION OF LLOYD'S AFFIDAVIT

(a) Contents of Affidavit

Lloyd's affidavit avers as follows:

[Lloyd], of lawful age, being first duly sworn upon oath, deposes and states as follows:

1. [Lloyd] has personal knowledge of the facts set forth in this affidavit.

2. [Lloyd] owned the [ATV that Ashley] was riding on December 30, 1996.

3. [Henry] and [Pauline] were not present when [Ashley] rode the [ATV] on December 30, 1996.

4. [Henry] and [Pauline] did not see [Ashley] at any time on December 30, 1996.

5. [Henry] and [Pauline] were not aware that [Ashley] was riding on the [ATV] on December 30, 1996.

6. No dangerous or hazardous conditions existed on the land where [Ashley] was riding the [ATV] on December 30, 1996.

7. [Henry] and [Pauline] did not own the land where [Ashley] was riding the [ATV] on December 30, 1996.

8. [Henry] and [Pauline] did not reside at the location where [Ashley] was riding the [ATV] on December 30, 1996.

Further [Lloyd] sayeth not.

(b) Analysis of Appellants' Objections

 Under the terms of Neb. Rev. Stat. § 25-1334 (Reissue 1995), affidavits offered for the truth of a particular fact (1) shall be made on personal knowledge, (2) shall set forth such facts as would be admissible into evidence, and (3) shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997). Statements in affidavits as to opinion, belief, or conclusions of law are of no effect. *Id.*

The Appellants assert that the district court erred in overruling their objections to Lloyd's affidavit. The Appellants objected that the entire affidavit was not relevant because issues relating to Henry and Pauline as individual defendants were moot, given their dismissal from the case. The Appellants also asserted that the affidavit consists primarily of conclusions. The Appellants made objections to the individual paragraphs of the affidavit as indicated below:

Paragraph 1 of the affidavit indicates that Lloyd had personal knowledge of the facts set forth in the remaining paragraphs of the affidavit. The Appellants do not object to this paragraph per se, but they do assert that the conclusion set forth in paragraph 1 is not sufficient to establish the necessary foundation for the admission of the remaining paragraphs of the affidavit.

The Appellants did not specifically object to paragraph 2, which indicates that Lloyd owned the ATV in question. This fact was supported by Lloyd's deposition testimony, which was evidence submitted by the Appellants, and thus, the Appellants have waived any objections to the admission of paragraph 2. See *Westgate Rec. Assn. v. Papio-Missouri River NRD*, 250 Neb. 10, 547 N.W.2d 484 (1996).

Paragraph 3 indicates that Henry and Pauline were not present when Ashley rode the ATV on December 30, 1996. The Appellants asserted that this paragraph (as well as the other paragraphs concerning Henry and Pauline) was not relevant given the

dismissal of Henry and Pauline from the case as individual defendants. We disagree. To the extent that Henry and Pauline were officers and directors of Meeske Land & Cattle, their knowledge of the incident is relevant to the liability of that corporation. Further, the Appellants waived their objections to paragraph 3 by submitting similar evidence: Lloyd testified in his deposition that on the day of the accident, only he, Ashley, Chelsea, Brittandy, and one of his stepdaughters were present on the Meeske property. Ashley's deposition testimony concerning those present on the Meeske property on the day of the accident was consistent with Lloyd's.

■ Paragraph 4 indicates that Henry and Pauline did not see Ashley at any time on December 30, 1996, and paragraph 5 indicates that Henry and Pauline were not aware that Ashley was riding the ATV on December 30. The Appellants objected to paragraphs 4 and 5 based on insufficient foundation to show Lloyd's personal knowledge of these matters. Lloyd's affidavit may not contain sufficient foundation to establish that Henry and Pauline did not see Ashley *at any time* on the day of the accident. However, as we have discussed above, the record does support a conclusion that Henry and Pauline did not see Ashley while she was riding the ATV on December 30. The undisputed evidence shows that Henry and Pauline were not present on the Meeske property while Ashley was riding the ATV on December 30. The only reasonable inference from this evidence is that Henry and Pauline did not see Ashley while she was riding the ATV on December 30. The Appellants have waived any objections to the contrary. To the extent that paragraph 4 suggests that Henry and Pauline did not see Ashley on December 30 at times other than when she was riding the ATV, this evidence is irrelevant, but the admission of such irrelevant evidence is not reversible error. As discussed in the following section, the other properly admitted and relevant evidence supports the trial court's factual findings in this case. A summary judgment hearing is similar to a bench trial of an action at law; thus, ordinarily, the erroneous admission of evidence in a summary judgment hearing is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's necessary factual findings. *John Markel Ford v. Auto-Owners Ins. Co.*, 249

Neb. 286, 543 N.W.2d 173 (1996). We agree, however, that there is not sufficient foundation in Lloyd's affidavit to establish the admissibility of paragraph 5, and we accordingly strike that paragraph from Lloyd's affidavit.

The Appellants also objected to paragraphs 4 and 5 based on hearsay to the extent that Lloyd was repeating information that Henry and Pauline told him. There is nothing in paragraphs 4 and 5 to suggest that Lloyd was repeating information that he was told by Henry and Pauline. The Appellants' hearsay objections to paragraphs 4 and 5 were properly overruled by the trial court.

Paragraph 6 indicates that no dangerous or hazardous conditions existed on the premises where Ashley was riding the ATV on December 30, 1996. The Appellants objected to paragraph 6 because it contains a conclusion and because no foundation had been laid to show Lloyd's personal knowledge of the condition of the land on the day of the accident. The Appellants also stated that the information contained in paragraph 6 was irrelevant because "the ATV itself can be the dangerous or hazardous condition if . . . one were even required." We note that Lloyd did testify in his deposition to various facts concerning the condition of the land on the day of Ashley's accident; however, none of this foundational information was included in Lloyd's affidavit. Further, the statement is an improper opinion, belief, or conclusion. See, § 25-1334; *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997). Accordingly, we strike paragraph 6 of Lloyd's affidavit.

Paragraph 7 indicates that Henry and Pauline did not own the land where Ashley was riding the ATV. The Appellants agreed at the summary judgment hearing that Henry and Pauline did not individually own the land where the accident occurred. We note that other properly admitted evidence affirmatively established the ownership of the land by Meeske Land & Cattle.

Paragraph 8 indicates that Henry and Pauline did not reside at the location where Ashley was riding the ATV on December 30, 1996. Again, the Appellants have waived any objections to this paragraph, as they introduced similar evidence indicating that Henry and Pauline resided at a location approximately one-quarter of a mile away from Lloyd's residence on the date of the accident.

Except as noted above, we conclude that the trial court did not err in overruling the Appellants' objections to Lloyd's affidavit.

## 2. GRANT OF SUMMARY JUDGMENT

### (a) Evidence Concerning Accident

Ashley's accident occurred on December 30, 1996, at a time when she, Chelsea, and Brittandy were having visitation with Lloyd. Ashley was 9 years old at the time of the accident. The record indicates that Lloyd, Ashley, Chelsea, Brittandy, and one of Lloyd's stepdaughters were present on the Meeske property at the time of the accident. Lloyd's wife, Lynette, was away at work and Chelsea was apparently in the house sleeping when the accident occurred. The accident occurred in the afternoon while Lloyd was outside working on a fence near the residence. The girls, specifically Ashley, Brittandy, and Lloyd's stepdaughter, did not want to help Lloyd work on the fence and inquired whether they could ride the ATV. Lloyd informed the girls that they could do so, started the ATV, and designated a path upon which the girls were to ride. The girls took turns riding along the designated path. Lloyd testified that he had laid out the path so that he could see or hear the girls at all times while they were riding the ATV. Ashley testified that while she was riding the ATV, a cat ran in front of the ATV, and that the accident occurred when she turned to avoid the cat. Lloyd testified that Ashley was traveling "a little fast" at about 10 miles per hour when the accident occurred. Lloyd testified that Ashley "went off of the course and went through that uneven area which caused the [ATV] to tip."

Lloyd testified that all of the girls were allowed to operate the ATV many times during the summer of 1996. Lloyd indicated that prior to the summer of 1996, the girls had ridden on the ATV as passengers while it was driven by an adult. Ashley's testimony generally agreed with that of Lloyd; however, she indicated that Chelsea was not allowed to operate the ATV by herself at the time of the accident. Joan testified that she had informed Lloyd, Henry, and Pauline that she "did not want [the] girls on the [ATV]." Ashley was aware of Joan's admonitions against riding the ATV and had provided this information to Lloyd. Ashley testified, however, that she never spoke with either Henry or Pauline about riding the ATV. Ashley testified that neither Henry nor Pauline ever

told her not to ride the ATV. Lloyd recalled having discussions with Joan on a regular basis between the summer of 1996 and December 1996 regarding the girls' ATV use. Some of these conversations occurred in the presence of Lynette or the girls.

Lloyd admitted that he was generally aware that ATV's are, or can be, dangerous to operate, particularly for children. Lloyd indicated that he had never provided the girls with helmets or other protective gear or clothing while they were riding the ATV, and Lloyd acknowledged the dangers of riding an ATV without such protective gear. Lloyd testified, however, that he believed that it was safe for the girls to ride the ATV and that they were mature enough and physically large enough to ride the ATV safely. There is nothing in the record to indicate whether any of the officers or directors of Meeske Land & Cattle were aware of any dangers associated with ATV use.

Ashley's accident was not the first ATV accident to occur on the Meeske property. Approximately 6 months prior to Ashley's accident, Ashley's younger sister, Chelsea, had burned her leg while on the ATV. Lloyd indicated that he had had an accident with the ATV in the summer of 1986 on his father's farm when he rolled the ATV while driving over an uneven surface in a pasture. Lloyd suffered various scrapes but did not seek medical treatment for that accident and suffered no permanent injuries other than some scarring. Lloyd has also had other minor accidents with the ATV. There is nothing in the record to indicate whether any of the officers or directors of Meeske Land & Cattle were aware of other accidents with the ATV.

The evidence indicates that Henry and Pauline lived approximately one-quarter of a mile from Lloyd's residence at the time of Ashley's accident. Lloyd testified that Henry was on the Meeske property daily, as Henry was "the boss," but that Pauline was on the property less frequently. Lloyd indicated that Henry and Pauline were never present on the Meeske property when the girls were riding the ATV, that Pauline had in fact never come onto the Meeske property when the girls were there, and that Henry was not aware that the girls were riding the ATV. Ashley testified that the girls did ride the ATV at Henry and Pauline's home on one occasion and that Pauline was present at the time. Ashley did not indicate whether Henry was present

when the girls rode the ATV at Henry and Pauline's home. Joan testified that the girls had ridden the ATV in the presence of Henry and Pauline in July 1996. With respect to that occasion, Joan indicated that she had arrived to pick up the girls from their visitation with Lloyd and that Henry and Pauline were standing in their yard. Joan testified that she observed Brittandy, Ashley, and perhaps one of the other girls on the ATV at the time. Joan indicated that this occasion was the only time when she spoke to Henry and Pauline about the girls' not being allowed to use the ATV. Lloyd did not recall the girls' ever riding the ATV at Henry and Pauline's home.

(b) Analysis of Summary Judgment

In *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996), the Nebraska Supreme Court held that owners and occupiers of land must exercise reasonable care toward all lawful visitors and set forth several factors to be considered in evaluating whether reasonable care has been exercised. Among the factors to be considered are (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or are expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection. *Id.* A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the defendant should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the defendant failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff. *Herrera v. Fleming Cos.*, 265 Neb. 118, 655 N.W.2d 378 (2003). A plaintiff

in a premises liability case is required to adduce evidence showing that there was a negligent act on the part of the defendant and that such act was the cause of the plaintiff's injury. *Id.*

The evidence is undisputed that Meeske Land & Cattle owned the property where the accident occurred. While the Appellants alleged in their petition that Meeske Land & Cattle also occupied the property, the evidence was undisputed that only Lloyd and Lynette resided on the property where the accident occurred. However, corporate activities (namely, farming and ranching) occurred on the property, and Henry was present on the property on a regular basis to oversee these activities. Therefore, for the purpose of this summary judgment, we will assume that Meeske Land & Cattle was both an owner and an occupier of the property in question. The question then becomes whether Meeske Land & Cattle can be held responsible as the owner and occupier of the property in question. In order to prevail in their case against Meeske Land & Cattle, the Appellants need to prove that Henry and Pauline (or another director, officer, or agent of that corporation) knew of a dangerous condition or activity taking place on the property on December 30, 1996, that they failed to correct that condition or activity, and that the condition or activity was a proximate cause of damage to Ashley. Knowledge of the board of directors, officers, or agents of a corporation is imputed to the corporation. *Professional Recruiters v. Oliver*, 235 Neb. 508, 456 N.W.2d 103 (1990).

The Appellants assert that it was the use of the ATV that created a dangerous activity, as opposed to the terrain of the land creating a dangerous condition. Therefore, to the extent that the court relied upon the evidence regarding the condition of the premises in granting the summary judgment, we agree with the Appellants that this evidence was not relevant and that it was not proper to base summary judgment on facts relating to the condition of the premises.

The question then becomes whether Meeske Land & Cattle, through its directors, officers, or agents, knew, or could have known by the exercise of reasonable care, of the allegedly dangerous activity (use of the ATV by Ashley) taking place on the premises on December 30, 1996. The evidence is undisputed that Henry and Pauline were officers and directors of Meeske Land &

Cattle at the time of the accident. The evidence is also undisputed that Henry and Pauline were not present on the premises at the time of the accident and therefore did not see the alleged dangerous activity occurring. No evidence was presented with regard to the remaining officer, Meeske Land & Cattle's secretary, Irene, as she died after the accident occurred. While Lloyd's affidavit alleges that Henry and Pauline were not aware that Ashley was riding the ATV on December 30, we have stricken that evidence as being without sufficient foundation. No affidavit or deposition testimony from Henry or Pauline was offered to establish their alleged lack of knowledge of the use of the ATV on the corporate property by children on the day of the accident or at any other time. The Appellants assert that Henry and Pauline were generally aware that the dangerous activity, children riding the ATV, was allowed to occur on the premises. The evidence adduced to support this contention, offered in opposition to the motion for summary judgment, was the deposition testimony of Joan, which, taken together with the deposition of Ashley (offered by Meeske Land & Cattle), reveals that "the girls" rode the ATV near Henry and Pauline's home in July 1996 and that Henry and Pauline were present and able to observe this activity.

Giving the Appellants the benefit of the inference that Henry and Pauline were aware that children were allowed to operate the ATV on corporate premises, we turn to the remaining elements necessary for premises liability, those being whether Meeske Land & Cattle, through its officers and directors Henry and Pauline, (1) should have realized that use of the ATV involved an unreasonable risk of harm to Ashley, (2) should have expected that Ashley would not realize the danger or would fail to protect herself against the danger, and (3) failed to use reasonable care to protect Ashley against the danger. See *Herrera v. Fleming Cos.*, 265 Neb. 118, 655 N.W.2d 378 (2003). There was no evidence adduced by either party concerning the first two elements. With regard to Henry's or Pauline's use of reasonable care to protect Ashley, the evidence shows that neither of these officers and directors owned or had control of the ATV and that neither was on the premises on the day of the accident, thereby making their opportunity to "use reasonable care to protect [Ashley] against the danger [of riding the ATV]," see *id.* at 122, 655 N.W.2d at 382,

virtually impossible. The Appellants argue that Henry and Pauline could have instructed Lloyd to prohibit the girls' use of the ATV on corporate premises or included such a prohibition in a lease. The Appellants suggest that such an instruction might have prevented Lloyd from allowing the allegedly dangerous activity to occur. The Appellants did not offer any evidence to support this position at the summary judgment hearing. Based upon our review of the record and giving the Appellants the benefit of all reasonable inferences, we cannot conclude that an instruction from Henry or Pauline to Lloyd that the girls not be allowed to ride Lloyd's ATV on corporate premises would have reasonably prevented the occurrence of the allegedly dangerous activity. Rather, the evidence reveals that Lloyd did not heed the repeated admonitions of Joan that the girls not be allowed to ride the ATV. This evidence, together with the undisputed facts that Henry and Pauline did not own the ATV and were not present on the Meeske property at the time of Ashley's accident, leads us to conclude that Meeske Land & Cattle made a prima facie case for summary judgment. The Appellants did not produce evidence to show the existence of a material issue of fact concerning the duty to use reasonable care to protect visitors on the property. See *Controlled Environ. Constr. v. Key Indus. Refrig.*, 266 Neb. 927, 670 N.W.2d 771 (2003). We conclude that on this record, the reasonable care required of Meeske Land & Cattle, as the landowner, to protect visitors against danger did not include instructing Lloyd, as the possessor, that ATV use by children on the corporate property be prohibited. See *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996).

We conclude that the evidence adduced in connection with the motion for summary judgment on behalf of Meeske Land & Cattle discloses that there is no genuine issue as to any material fact or the inferences to be drawn therefrom with regard to the alleged failure of Meeske Land & Cattle to exercise reasonable care to protect Ashley against the danger of operating the ATV on the day of the accident and that Meeske Land & Cattle is thereby entitled to summary judgment as a matter of law. Although for reasons somewhat different from the district court's in its consideration of the motion for summary judgment, we affirm the court's decision granting summary judgment in

Meeske Land & Cattle's favor. A proper result will not be reversed merely because it was reached for the wrong reason. *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb. 403, 648 N.W.2d 756 (2002). Where the record demonstrates that the decision of a trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, an appellate court will affirm. *Boettcher v. Balka*, 252 Neb. 547, 567 N.W.2d 95 (1997).

## VI. CONCLUSION

Except as otherwise noted in the above analysis, we conclude that the district court did not err in overruling the Appellants' objections to the admission of Lloyd's affidavit. Nor did the district court err in granting summary judgment in behalf of Meeske Land & Cattle.

AFFIRMED.