Lee **HODGES**, Appellant,

v.

**BRAZOS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT #1, BIG CREEK, BRAZOS COUNTY, Texas, et al., Appellees.**

No. 15549.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 8, 1970.

Rehearing Denied Feb. 5, 1970.

King & Norris, Robert W. Norris, Austin, for appellant.

Lawrence, Thornton & Payne, Billy Payne, Bryan, for appellees.

COLEMAN, Justice.

This is a suit for declaratory judgment by which appellant seeks to have an act

of the Legislature of the State of Texas, and an Order of Exclusion adopted by appellee Water Control and Improvement District, declared unconstitutional, null and void, together with ancillary injunctive relief.

The trial court found that no justiciable controversy was shown to exist; that appellant failed to join in the action numerous interested parties; that the suit constituted a direct attack on statutes and ordinances under which the District operates, which could only be made through quo warranto proceedings. The trial court then rendered its judgment declaring the statute, and the Order of Exclusion, valid, legal, and constitutional.

We agree with the finding of the trial court that no justiciable controversy was shown to exist. For this reason the judgment declaring the statute and the Order of Exclusion valid constitutes an unauthorized advisory opinion.

In his petition Hodges alleges that he is a resident qualified voter and taxpayer and owner of property located in the District. No evidence to support these allegations was introduced.

He alleged that a statute applicable to this Water Control District only, Acts of the 59th Legislature, Regular Session, 1965, Chapter 529, page 1105, is unconstitutional and void for a variety of reasons, including the allegation that it is a local and/or special law and that notice of intention to introduce such bill, and a copy of the bill, were not served on the Governor of Texas within the time required by Art. XVI, Section 59(d) of the Constitution, Vernon's Ann.St., of the State of Texas. Evidence was introduced to support this allegation.

Appellant alleged that the implementation of the Act by the District is unconstitutional and void in that certain qualified property owners and taxpayers residing in said District are denied the right to vote in bond elections and other elections conducted by the District. No evidence was introduced tending to prove that either appellant or any other person had been refused the right to vote in any election held in said District.

Appellant alleged that the Order excluding certain land embraced within the original boundaries of the District and redefining the boundaries of the District was passed by the District after an election had been held for the purpose of authorizing the issuance of construction bonds; and that this exclusion order is void in that it violates the provisions of Article 7880-76. Vernon's Ann.Civ.St., and certain provisions of the Constitution of Texas. There is evidence that the order was passed after construction bonds were authorized at an election; that certain bonds were issued and sold; that on the date the orders with reference to the exclusion of lands were adopted all of the bonds that had been sold had been redeemed, but that the remaining bonds had not been cancelled.

In Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722 (1955), the court said:

"The expressions 'advisory opinion' and 'justiciable controversy' as here used refer to the requirements, which undoubtedly exist as prerequisite to the declaratory judgment process, that (a) there shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. * * *"

■ Neither this Court nor the trial court has jurisdiction to enter a judgment in this case, other than one of dismissal, in the absence of evidence sufficient to establish a justiciable controversy. To establish a justiciable controversy it was the burden of appellant to develop by evidence concrete contested issues conclusively affecting adversary parties in interest. State v. Margolis, 439 S.W.2d 695 (Tex.Civ.App.—Austin 1969, error ref.,

n. r. e.); Reuter v. Cordes-Hendreks Coiffures, Inc., 422 S.W.2d 193 (Tex.Civ.App. —Houston, 14th Dist., 1967).

There is no evidence here that the interests of the parties to this action are adverse. There is no evidence of concrete contested issues affecting the present interests of the parties. Appellant seeks an advisory opinion on the legality of the exclusion order and on the constitutionality of the statute which may or may not affect his rights in the future. The record in this case does not present a justiciable controversy. Firemen's Ins. Co. of Newark, New Jersey v. Burch, 442 S.W.2d 331 (Tex.1969); Bean v. Town of Vidor, 440 S.W.2d 676 (Tex.Civ.App.—Beaumont 1969, writ ref., n. r. e.).

Since there is no justiciable controversy, we cannot consider the substantive questions presented. Group Hospital Service, Inc. v. Barrett, 426 S.W.2d 310 (Tex.Civ. App.—Houston, 14th Dist. 1968, writ ref., n. r. e.); Phillips Petroleum Company v. Bivins, 423 S.W.2d 340 (Tex.Civ.App.— Amarillo 1967, writ ref., n. r. e.).

The case is dismissed for lack of jurisdiction.