

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00167-CV

**STEPHENS & JOHNSON OPERTING CO.**; Henry W. Breyer, III, Trust; CAH, Ltd.-MOPI for Capital Account; CAH, Ltd.-Stivers Capital Account; CAH, Ltd.-Wiegand Resources Capital Account Wiegand Resources; C.T. Carden; Myrl W. Deitch Trust; E.R. Godbout Family Trust,
Appellants

v.

Charles W. **SCHROEDER**; Elsie A. Schroeder Schneider; Hollis London; Terry Mengers Reel; Ted Mengers; Debbie Mengers Quates; August H. Setinmeyer; Carole Schroeder Miller; James M. Schroeder; Sally Schroeder Tinanus; James E. Schroeder; Sue Schroeder Stanford,
Appellees

From the 229th Judicial District Court, Jim Hogg County, Texas
Trial Court No. CC-04-143
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:  Jason Pulliam, Justice

Sitting:  Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Jason Pulliam, Justice

Delivered and Filed:  August 12, 2015

AFFIRM IN PART; REVERSE AND REMAND IN PART

This is an appeal from a declaratory judgment and award of attorneys' fees rendered upon the Plaintiffs'/Appellees' motion for partial summary judgment.  We affirm in part and reverse and remand in part.

**PROCEDURAL HISTORY**

The litigation underlying this appeal arose in November 2004 and is based upon an oil and gas lease entered in 1972 between Charles Schroeder and Elsie and C.R. Schneider, as lessors, and Lawrence Hoover, as lessee. In this action, the underlying Plaintiffs/Lessors (the Schroeder parties) sought declaratory judgment pronouncing the lease had terminated due to cessation of production. In addition, the Schroeder parties asserted causes of action for failure to file release, trespass and bad faith pooling. In 2013, the Schroeder parties sought partial summary judgment on only the declaratory-judgment action. The trial court granted the Schroeder parties' motion for partial summary judgment, entered declaratory relief stating the subject lease terminated as of July 1, 2003, and awarded attorney fees in the amount of $63,797.95 to be paid by defendant, Stephens & Johnson Operating Co. The trial court severed the remaining causes of action. The collective Defendants/Appellants ("Stephens and Johnson parties") now appeal the trial court's summary judgment in the declaratory-judgment action. In addition, Genessee Country Museum (Genessee) files its own, separate appeal from the trial court's summary judgment.

## I.    Stephens and Johnson Parties' Arguments

### A. Subject Matter Jurisdiction to Enter Declaratory Relief

The Stephens and Johnson parties argue the trial court lacked subject matter jurisdiction to enter declaratory relief based upon the Schroeder parties' failure to adequately allege, plead or prove a justiciable controversy existed. Because the existence of a justiciable controversy is necessary to confer subject matter jurisdiction, and the Schroeder parties failed to allege, plead or prove a justiciable controversy existed, the Stephens and Johnson parties contend the Schroeder parties failed to satisfy their burden to establish jurisdiction for declaratory relief. The Stephens and Johnson parties go on to argue that because the Schroeder parties failed to prove the Stephens and Johnson parties "ever actually denied that production had ceased or that the subject lease had

terminated" they failed to adequately plead or prove an actual controversy existed to confer subject matter jurisdiction.

The Stephens and Johnson parties' argument on appeal appears to pertain to two different jurisdictional challenges: (1) a challenge to the sufficiency of the pleading to confer subject matter jurisdiction; and (2) sufficiency of the summary judgment proof to establish the necessary jurisdictional element of justiciable controversy. The Stephens and Johnson parties raise these jurisdictional challenges for the first time on appeal.[1] Because these two challenges are reviewed under different standards, this court will address each individually.

Under the Texas Declaratory Judgments Act, a court may declare the rights, status, and other legal relations of parties to an action. TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a) (West 2015). Thus, a declaratory judgment is appropriate when a justiciable controversy exists as to the rights and status of the parties, and the controversy will be resolved by the declaration sought. *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied). However, a declaratory-judgment action is not appropriate if it would result in determination of a hypothetical or contingent situation or determination of questions not essential to the resolution of an actual controversy. *Empire Life Ins. Co. of Amer. v. Moody*, 584 S.W.2d 855, 858 (Tex. 1979). "A controversy is considered justiciable … if there exists a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. Otherwise, the judgment amounts to no more than an advisory opinion, which the district court does not have power to render." *Tex. Health Care Info. Council*, 94 S.W.3d at 846.

---

[1] Because the issue whether a trial court has subject matter jurisdiction is a question of law for the court to determine, a challenge to the trial court's jurisdiction may be raised for the first time on appeal. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94-97 (Tex. 2012); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993)

Thus, to avoid rendition of an advisory opinion, a court's subject matter jurisdiction in a declaratory-judgment action is dependent upon the existence of a justiciable controversy. *Id.* In a declaratory-judgment action, the plaintiff bears the burden to establish the existence of a justiciable controversy by showing the presence of contested issues which conclusively affect any adversary parties in interest. *Hodges v. Brazos County Water Control and Improvement Dist. #1, Big Creek, Brazos County*, 449 S.W.2d 861, 862 (Tex. Civ. App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.).

### 1. Sufficiency of the Pleading to Establish Justiciable Controversy

Specific to this challenge, the Stephens and Johnson parties contend "unless a party's pleadings and evidence demonstrate an actual controversy between the parties, for example, whether production has actually ceased …, then a declaration under the Declaratory Judgment Act as to the status of the lease appears unnecessary and improper under Texas law." Specifically, the Stephens and Johnson parties contend the Schroeder parties' request for declaratory judgment that "the Lease has terminated", alone, does not show there was a justiciable controversy between the parties to justify declaratory relief.

A plaintiff is obligated to plead facts affirmatively demonstrating the subject matter jurisdiction of the trial court. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Courts must liberally construe the plaintiff's petition, looking to the pleader's intent and good faith allegations to determine whether the trial court holds jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642–43 (Tex. 2007). While a plaintiff should plead facts supporting jurisdiction, specific allegations about subject matter jurisdiction are not required, and a plaintiff need not "put on [its] case simply to establish jurisdiction." *Unifund CCR Partners v. Watson*, 337 S.W.3d 922, 925 (Tex. App.—Amarillo 2011, no pet.). Whether a plaintiff's pleadings affirmatively demonstrate subject matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226.

The face of the Fourth Amended Petition dispels the Stephens and Johnson parties' challenge to the sufficiency of the pleading to confer subject matter jurisdiction. In the "Factual Background" of their Fourth Amended Petition, the Schroeder parties request declaratory relief that "the Court determine that the Lease has terminated." Within their petition, the Schroeder parties state the relevant parties entered an oil and gas lease with a primary term, and subsequently, production began. The Schroeder parties allege production ceased and began again at a certain time, but "[a]ccording to the records of the Railroad Commission of Texas, there was no production … for a seven (7) month period, beginning July 1, 2003 and ending on January 31, 2004…. Moreover, there has been no production … since April 2005 to the present." The Schroeder parties allege the cessation of production terminated the subject lease according to its terms. The Stephens and Johnson parties filed a general-denial answer, stating, they "den[y] each and every … allegation in said petition contained and says that the same are not true…."

The factual recitation in the Fourth Amended Petition dispels the Stephens and Johnson parties' contention that the pleadings fail to allege "an actual controversy between the parties, for example, whether production has actually ceased" to confer subject matter jurisdiction. Although the Stephens and Johnson parties contend the Schroeder parties' "request for declaratory judgment, alone, does not show there was a justiciable controversy between the parties to justify declaratory relief", the Schroeder parties are not tied to their request for declaratory relief, alone, to establish the existence of a justiciable controversy. The facts, as alleged, do demonstrate a concrete contested issue whether the lease terminated based upon cessation of production. This contested issue conclusively affects any adverse parties in interest, and therefore, demonstrates an actual, justiciable controversy to confer subject matter jurisdiction for declaratory relief. Although the Schroeder parties did not state specifically that a justiciable controversy exists, the facts alleged are sufficient to show the existence of a justiciable controversy. Thus, the facts alleged are

sufficient to affirmatively demonstrate the trial court's jurisdiction to hear the cause. Finally, the Stephens and Johnson parties' general-denial answer further established a justiciable controversy on the issue whether production had terminated and placed the requested declaratory relief in dispute.

For these reasons, the Schroeder parties' Fourth Amended Petition alleges facts sufficient to demonstrate the existence of a justiciable controversy regarding whether the subject lease terminated under its terms. Thus, the Fourth Amended Petition demonstrates the trial court's subject matter jurisdiction to confer the requested declaratory relief.

### 2. Sufficiency of Summary Judgment Proof to Establish Justiciable Controversy

Subsumed in the same argument, the Stephens and Johnson parties contend the summary judgment proof offered to support the requested declaratory relief was insufficient to confer summary judgment jurisdiction. The Stephens and Johnson parties contend the summary judgment evidence failed to demonstrate an actual controversy exists, that is, that production had ceased and was "absolutely devoid of any allegation or suggestion that a true controversy existed between the parties with respect to the question of whether the subject lease had terminated due to non-production." Curiously, the Stephens and Johnson parties state "there is no evidence that [the Stephens and Johnson parties] ever actually denied that production had ceased or that the subject lease had terminated by operation of law."

In support of their motion for declaratory-relief summary judgment, the Schroeder parties attached an affidavit and supplemental affidavit of Rex Howell. In these affidavits, Mr. Howell stated his opinion based upon review of the records of the Texas Railroad Commission. Mr. Howell attested his opinion consistent with the facts as alleged by the Schroeder parties: The named parties entered the subject oil and gas lease with a primary term of five years. Production began and ceased and began again at a certain time, until finally, according to the records of the

Texas Railroad Commission, "no gas production was recorded … for a seven month period from July, 2003 through January, 2004 and thereafter no production has been reported … since April 2005 to the present." Attached to Rex Howell's affidavit are the records of the Texas Railroad Commission upon which his opinion is based. The Stephens and Johnson parties challenged the sufficiency of the pleading of the motion for summary judgment and challenged the sufficiency of the evidence through special exceptions for the same reasons presented on appeal; however, the Stephens and Johnson parties did not offer any controverting evidence.

This summary judgment evidence presented by the Schroeder parties dispels the Stephens and Johnson parties' contention that the Schroeder parties failed to provide sufficient proof of an actual controversy between the parties to confer subject matter jurisdiction, that is, whether production had actually ceased. Mr. Howell's affidavit and supplemental affidavit provide uncontested proof that production on the subject lease had ceased. Thus, the affidavits provide sufficient proof and a sufficient showing that an actual and justiciable controversy existed whether production on the subject well ceased and provided sufficient summary judgment evidence in support of the trial court's ultimate finding.

With regard to the Stephens and Johnson parties' contention that there is "no evidence that [they] ever actually denied that production had ceased", this statement comes dangerously close to an admission that, in itself, would support the trial court's summary judgment. However, in the context of the brief, as a whole, it appears the Stephens and Johnson parties intend to only advance an argument relative to the sufficiency of the pleadings and summary judgment proof. In any event, the Schroeder parties need not provide proof of the Stephens and Johnson parties' actual denial, but need only provide proof of a justiciable controversy. In addition, the Stephens and Johnson parties' general denial contained within their First Amended Answer is sufficient to establish these parties denied that production on the subject oil and gas lease had ceased.

For these reasons, the affidavit of Rex Howell is sufficient proof to demonstrate the trial court's subject matter jurisdiction to confer the requested declaratory relief. The Stephens and Johnson parties provided no controverting evidence. Therefore, the summary judgment evidence offered is sufficient to affirmatively demonstrate the trial court's subject matter jurisdiction to hear the cause.

We overrule the Stephens and Johnson parties' first issue.

**B.  Special Exception**

In their second issue, the Stephens and Johnson parties contend the trial court erred by overruling their special exceptions to the Schroeder parties' motion for partial summary judgment. The Stephens and Johnson parties contend the Schroeder parties' request for summary judgment "to declare and determine the status of the Lease" was vague and ambiguous and did not provide sufficient notice of what the Schroeder parties were requesting.

Trial courts have broad discretion to sustain or deny special exceptions. Thus, we review the trial court's actions under the abuse of discretion standard of review. *Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex. App.—Corpus Christi 1992, no writ). The test for determination whether a trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles or otherwise acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). While uncommon, special exceptions are available in the context of a motion for summary judgment. The purpose of special exceptions focused upon a summary judgment motion is to ensure the parties and the trial court are focused on the same grounds. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342–43 (Tex. 1993).

We have reviewed the pleadings, the motion for summary judgment and responses, and the Stephens and Johnson parties' special exception. While the request for declaratory relief in the

Schroeder parties' motion for summary judgment, i.e. that the trial court "declare the status of the Lease", does appear non-specific and open-ended, the motion for summary judgment, as a whole, does provide reasonable notice of the basis of the requested relief. The body of the motion for summary judgment states the same facts and representations as the Fourth Amended Petition. The alleged facts and argument within the Schroeder parties' petition and motion for summary judgment provided sufficient notice to the Stephens and Johnson parties of the declaratory relief requested and sufficiently guided the trial court in its determination.

Furthermore, the Stephens and Johnson parties' special exception to the motion for summary judgment was based upon the same argument presented on appeal, i.e. that the Schroeder parties failed to provide sufficient pleading of a justiciable controversy. For the same reasons as recited above, the Schroeder parties did provide sufficient pleading of a justiciable controversy.

For these reasons, the trial court did not abuse its discretion in denying the Stephens and Johnson parties' special exception. The Stephens and Johnson parties' second issue is overruled.

## II.    Genessee Country Museum

### A.  Pleading Sufficiency

In its' first issue, Genessee contends the trial court erred by granting the declaratory relief against it because the Schroeder parties' Fourth Amended Petition never established that Genessee was a party or signatory to the subject Lease. Because the petition states only that Genessee owns an interest in the lease, Genessee contends this pleading is insufficient to assert causes of action against it and insufficient to award declaratory relief against it. Genessee asserts this matter of avoidance for the first time on appeal.

To properly preserve error for appellate review, a party must make a timely, specific objection to the trial court. *See* TEX. R. APP. P. 33.1(a). The party who fails to make a timely objection or fails to raise a pleading deficiency before submission of the case cannot later raise the

pleading deficiency for the first time on appeal. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991).

In Genessee's original answer and subsequent amended answers, it entered a general denial and at no time in the 11-year litigation of this matter did Genessee assert a challenge to the sufficiency of the pleadings or otherwise challenge the Schroeder parties' ability to assert a cause of action against it. Genessee never challenged the trial court's authority to award the requested declaratory relief against it. Genessee failed to raise this challenge in its response to summary judgement or at any time before the trial court rendered declaratory judgment.

Because Genessee failed to raise this challenge, the Schroeder parties' action against Genessee was effectively tried by consent. Accordingly, Genessee failed to preserve any alleged error regarding a challenge to the sufficiency of the pleading or the Schroeder parties' ability to assert a cause of action against it, and thus, has waived this complaint for appeal. *See id.*

Notwithstanding lack of preservation of error, however, Genessee's contention is without merit. In a declaratory judgment action, all parties who have or who claim any interest that would be affected by the requested declaration must be made parties. TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (West 2015). Genessee does not deny that it holds a claim or interest in the subject lease that would be affected by the requested declaratory relief. Therefore, Genessee is a proper party.

For these reasons, Genessee's first issue is overruled.

**B. Other Controversies**

In its second point of issue, Genessee asserts the trial court erred by awarding declaratory relief when other controversies existed and survived. Genessee's argument with regard to this issue on appeal consists entirely of the following:

> Finally, the trial court should not render a declaratory judgment when other controversies exist between the parties. Willacy Cty. Appr. Dist. v. No. Alamo Waters., 676 S.W.2d 632, 642 (Tex. App.—Corpus Christi 1984, ref. n.r.e.) In this instance, the Plaintiffs still have a bad faith pooling claim, a failure to file release claim, and a trespass claim before the court.

Genessee's second issue on appeal provides no argument stating specific reasons the trial court's severance was erroneous. Because Genessee provides no argument or extrapolation on the ground or basis of error, this argument is not sufficiently developed. *See* TEX. R. APP. P. 38.1. This court cannot decide an issue on appeal without proper argument and authority showing why the actions of the trial court were in error. *Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet.). To present appellate argument, an appellant must go further than just merely stating an issue, but must present argument and cite supporting authority. *Bechtel Corp. v. City of San Antonio*, No. 04-04-00910-CV, 2006 WL 228689, at \*2 (Tex. App.—San Antonio 2006, no pet.); *Wilson & Wilson Tax Servs., Inc. v. Mohammed*, 131 S.W.3d 231, 242 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

By failing to properly brief the issue presented, Genessee presents nothing for review on appeal because an appellate court cannot speculate as to the arguments that could have been brought or attempt to formulate arguments for a party. *See Wilson & Wilson Tax Servs., Inc.*, 131 S.W.3d at 242.

We do note that Genessee did cite a case to support this point, however, this cited case only provides the general rule regarding a trial court's broad authority and discretion to grant or deny a severance. Without presentation of a ground or challenge to a trial court's ruling, Genessee's

argument is not sufficiently developed or presented for appellate review. *See Foster*, 101 S.W.3d at 499.

Therefore, we hold this issue on appeal is inadequately briefed, and, as such, is waived.

### III.     Attorneys' Fees

In the Stephens and Johnson parties' and Genessee's final issue on appeal, the parties contend the trial court erred by awarding attorneys' fees to the Schroeder parties. The Stephens and Johnson parties argue, among other things, that the Schroeder parties are not entitled to an award of attorneys' fees on summary judgment because they did not move for attorneys' fees in their motion for summary judgment or supplemental motion for summary judgment.

Genessee argues the trial court erred by awarding attorney fees because the Schroeder parties failed to segregate the attorney fees relative to the declaratory-judgment action from the remaining causes of action and because the Schroeder parties failed to prove the awarded attorneys' fees were reasonable. In addition, Genessee argues a fact issue existed regarding reasonable attorney fees.

Summary judgment cannot be granted except on the grounds expressly presented in the motion. TEX. R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997); *McConnell*, 858 S.W.2d at 341 (Tex. 1993). In determining whether grounds are expressly presented, reliance may not be placed on the briefs or summary judgment evidence. *See McConnell*, 858 S.W.2d at 341; *Torres v. Garcia*, No. 04-11-00822-CV, 2012 WL 3808593, at *5 (Tex. App.—San Antonio 2012, no pet.) (mem. op.). Accordingly, "[s]pecific grounds for summary judgment must be expressly stated in the motion for summary judgment itself and not ... in the summary judgment evidence...." *McConnell*, 858 S.W.2d at 344; *Torres*, 2012 WL 3808593, at *5. Therefore, a party's request for attorney fees and the grounds supporting this request must be expressly stated

in the motion before a court may award summary judgment on the stated grounds. *McConnell*, 858 S.W.2d at 341; *Torres*, 2012 WL 3808593, at \*5.

Review of the Schroeder parties' motion for summary judgment and supplemental motion for summary judgment reveal there is no request for, or statement of any ground for, the recovery of attorneys' fees. The motions are completely silent on the issue and address only the request for declaratory relief. The Schroeder parties plead for attorneys' fees in their Fourth Amended Petition and did attach an affidavit pertinent to recovery of attorneys' fees, with attached invoice, to their supplemental motion for summary judgment. The affidavit was an attestation of one of the Schroeder parties' attorneys and pertained to the amount of reasonable and necessary attorneys' fees the attorney believed were due.

While the Schroeder parties did provide an affidavit pertinent to an award of attorneys' fees and did plead for an award of attorneys' fees, they failed to request or state any ground for the recovery of attorneys' fees within their motion for summary judgment. Because the trial court may not rely upon the pleadings or summary judgment evidence as support for a summary judgment award, the trial court erred by awarding attorneys' fees through a summary judgment award. *See McConnell*, 858 S.W.2d at 344; *Torres*, 2012 WL 3808593, at \*5.

Accordingly, because we cannot affirm a summary judgment on grounds not stated in the motion, we sustain the Stephens and Johnson's parties' second issue on appeal. Because this disposition requires reversal of the trial court's award of attorneys' fees, we do not address Genessee's independent challenge to the award.

Based upon the foregoing, we affirm the portion of the trial court's summary judgment with regard to the declaratory relief granted. We reverse the trial court's summary judgment with regard to the award of attorneys' fees to be paid by the Stephens and Johnson parties and remand for further discretionary proceedings on that issue.

Accordingly, we affirm in part and reverse and remand in part.

Jason Pulliam, Justice